UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS JERMYN, on behalf of himself
and all others similarly situated,

                  Plaintiff,

  - against -

BEST BUY CO., INC.,

                  Defendant.
-----------------------------------------------------------X

Docket No.   08-cv-00214

**CLASS ACTION**
**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

      Plaintiff, Thomas Jermyn ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, alleges, against defendant Best Buy Co., Inc. ("Best Buy" or "Defendant"), the following upon personal knowledge as to his own acts, and upon information and belief, based on the investigation conducted by his counsel, as to all other allegations:

<u>SUMMARY OF THE ACTION</u>

      1.     Plaintiff brings this class action on behalf of himself and all other persons who were damaged by Best Buy's failure to abide by its expressly stated and advertised "price match guarantee".

      2.     Best Buy is the largest specialty retailer of consumer electronics in the United States and Canada. As part of its advertising, promoting and selling of goods and services, which helped it exceed $30 billion in revenue in 2006, Best Buy promotes a "price match guarantee". Best Buy guarantees that it will match any local competitor's lower price and if a customer has already purchased the product, Best Buy will refund the price difference, plus an additional 10% of that difference. However, Best Buy has an unstated policy and/or practice of not honoring its "price match guarantee" when customers request that Best Buy match a local competitor's lower

price.  Plaintiff and the class have been damaged by Best Buy's policy and/or practice and its failure to abide by its expressly stated and advertised "price match guarantee".

3.      Best Buy continues to advertise, promote and utilize its "price match guarantee" despite its failure to honor the price match.  Plaintiff and the class have been damaged by Best Buy's deceptive acts, practices and advertisements and refusal to honor its "price match guarantee".

## PARTIES

4.      Plaintiff Thomas Jermyn brings this action in an individual capacity and on behalf of all others similarly situated.   Plaintiff is an adult individual residing at 300 East 40th Street, New York, New York 10016.

5.      Defendant Best Buy is a Minnesota Corporation with headquarters located at 7601 Penn Avenue South, Richfield, Minnesota.  Best Buy is the largest specialty retailer of consumer electronics in the United States and Canada, with over 1,800 stores worldwide and 1,400 stores in the United States.

## JURISDICTION AND VENUE

6.      This Court may assert diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, Plaintiff resides in New York and defendant is a Minnesota corporation.

7.      This Court may also assert diversity jurisdiction of this matter under the Class Action Fairness Act, in that Plaintiff resides in the State of New York and Defendant is a Minnesota corporation and the amount in controversy exceeds $5,000,000.

2

8.    The case is properly brought in this district because Defendant is located in the district.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

9.    Best Buy is the largest specialty retailer of consumer electronics in the United States and Canada, with over 1,800 stores worldwide and 1,400 stores in the United States. Best Buy has multiple stores within the City, State and County of New York, including, but not limited to, a store located 60 West 23rd Street, New York, New York.

10.    On May 13, 2006, Plaintiff purchased a Nikon D-70 camera from Best Buy for $1,199.99.

11.    On May 20, 2005, Plaintiff saw the same Nikon Camera advertised at a local competitor, TriState Camera Video & Computers ("TriState"), for less.

12.    TriState is located at 650 Avenue of the Americas (at 20th Street), New York, New York, only blocks from Best Buy's 60 West 23rd Street, New York, New York store.

13.    On May 20, 2005, Plaintiff returned to Best Buy with a copy of the TriState advertisement for $859.99 after $100 rebate.

14.    Plaintiff requested the benefit of Best Buy's "price match guarantee".

15.    Best Buy's "price match guarantee" provides that:

> Here are two more great reasons for you to shop with confidence at Best Buy.
>
> If you are about to make a purchase and discover a lower price than ours, let us know and we'll match that price. Guaranteed.

16.    Pursuant to Best Buy's "price match guarantee", if a customer has already purchased a product from Best Buy:

3

We'll refund the price difference, plus an additional 10% of that difference – up to 30 days after your purchase (14 days on select categories; please refer to the 14 day return period section). In either case, simply bring in proof of the price on the same available brand and model, from a local competitor.

Either way, simply bring in proof of a local retail competitor's price on the same available brand and model, and we'll do the rest.

17.    Pursuant to Best Buy's "price match guarantee" a local retail competitor is "[a] retail store located in the same market area as your local Best Buy store."

18.    Despite Plaintiff's demand, Best Buy refused to honor its stated "price match guarantee".

19.    Accordingly, on May 20, 2007, Plaintiff returned the Nikon Camera to Best Buy.

20.    Best Buy, in addition to not honoring it "price match guarantee", charged Plaintiff $180.00 to return the Nikon Camera.

21.    Later on May 20, 2007, after returning the Nikon Camera to Best Buy, Plaintiff purchased the same Nikon Camera from TriState for $959.99, with a $100.00 rebate.

22.    Plaintiff and the class have been injured by Best Buy's failure to honor its "price match guarantee".

23.    Best Buy maintains an undisclosed policy and/or practice of failing to honor its "price match guarantee".

24.    A "RipoffReport" internet website (http://www.ripoffreport.com) complaint highlighted this practice, stating:

There was a man at customer service arguing with a manager. He was showing him a Circuit City ad and pointing to the price matching policy where it says they will price match then give an extra 10% off of any advertised price. The manager refused to

4

price match . . . The manager responded that . . . it is up to the store if they want to price match.

25.     Another "RipoffReport" complaint stated:

Beware of Best Buy and their pricing games. While they state they have a 30 day price guarantee policy, getting them to honor this policy does not happen on high ticket items.

26.     Another "RipoffReport" complaint stated:

D I am sorry for all the trouble you have encountered with Best Buy. As I don't work in the Seattle area I am not familiar with the exact practices of that particular store. It is up to the discretion of the General Manager whether or not he will honor an online price or a price match to another retailer.

27.     A "DVDTalk" internet website (http://www.dvdtalk.com) complaint stated:

At my store they pretend to call [the competitor] and tell me the other store doesn't have any in stock, so they can't PM.

28.     A "Yahoo" internet website (http://www.yahoo.com) complaint stated:

Best Buy's price matching program doesn't work as promised. BB only price matches to big box stores no matter what they tell you. . . . And, they will not price match even to big stores if the price drops below a certain threshold.

29.     A "Digg" internet website (http://www.digg.com) complaint stated:

Well I work at bestbuy and I know that I do match the price and so do some of the managers. It all depends on what you buy though.

30.     Another "Digg" complaint stated:

After purchasing a Palm Tungsten from BB, we found the same for $20 cheaper just down the road at OfficeMax, on the same day. When he went back to BB the next day to return and showed them the OMax receipt, they first checked the OfficeMax.com site, where (BB claimed) it was shown to be out of stock - not at the OMax stores, but the OfficeMax.com site! BB refused to refund the difference.

5

31.    A "cheapassgamer" internet website (http://www.cheapassgamer.com) complaint

stated:

> I usually never have a problem however sometimes you get the real
> &amp;$%-hole who tries to say that Target isn't one of their
> competitors . . .

32.    A "my3cents" internet website (http://www.my3cents.com) complaint stated:

> I'm sure that I speak for many when I complain about Best Buy's
> so-called "Price Matching". It seems that what their policy says
> and what they do are 2 very different things. More to the point,
> once you get to the store, the story always changes.

33.    A    "consumeraffairs"    internet    website    (http://www.consumeraffairs.com)

complaint stated:

> I have been looking to buy an HDTV 42 inches or bigger, plasma. I
> found one today in their sales flyer, it was a Samsung 42 inch
> plasma, on sale for 2999.00. Since I am a rewards card member I
> received a special 12% off discount for this weekend only. I
> thought okay, that is a pretty good deal. However once I was
> reviewing the paper, I noticed that Sears has the exact same tv on
> sale for 2299.00.
>
> Therefore, I called Best Buy and asked if I could price match with
> Sears and use my rewards card discount. I spoke with a lady named
> Hillary and was told yes, then she also asked another lady named
> Jess, who said yes also, but only if Sears had the television in
> stock. I said okay and then called Sears to see if they had it in
> stock, they said they had one left. I am sick, I have the flu but I
> thought this is too good of a deal to pass up. So I called Best Buy
> back and spoke to a gentleman named Jordan. I told Jordan that
> they have one left at Sears and I have my rewards card membership
> discount card.
>
> He said I could use them both, I said "Are you sure" and he then
> said Yes.
>
> Therefore I got out of bed and drove 10 miles to Best Buy. I give
> the flyers to the salesman and he says sure, and then calls for Keith

6

> M, who is the manager in Electronics to finish the price match.
> Keith says "Absoloutely not". I said "Why not??", he said "Because
> I wouldn't be making any money on it if I gave it to you at that
> price, I can't even buy it at that price"

34.    In advertising its "price match" guarantee, Best Buy made false and misleading
statements.

35.    In advertising its "price match" guarantee, Best Buy made false and misleading
representations of fact.

36.    Best Buy's acts, practices and advertisements are materially deceptive and
misleading.

37.    Best Buy's false and misleading acts, practices and advertisements deceived
Plaintiff and the class.

38.    Best Buy's false and misleading acts, practices and advertisements had a tendency
to deceive a substantial segment of its audience, including Plaintiff and the class.

39.    Best Buy's deception was material because it is likely to influence the purchasing
decision of Plaintiff and the class.

40.    Best Buy's advertising of its "price match" guarantee" concerned goods and
commercial activities in interstate commerce.

41.    Plaintiff and the class have been injured and are likely to continue to be injured as
a result of Best Buy's false adverting and deceptive practices.

42.    Best Buy in, amongst other things, advertising but failing to honor its "price
match" guarantee used false information and deceptive practices in the course of selling its goods
and services.

7

43.    Best Buy's practices and advertisements are recurring in nature and directed at consumers.

44.    Best Buy intended that Plaintiff and the class would rely upon this false information and deceptive practices.

45.    Plaintiff and the class are ordinary consumers.

46.    Plaintiff and the class have been injured by Best Buy's sale of merchandise in a minimum amount of the price differential between what was paid and the lesser amount Plaintiff and the Class would have paid if Best Buy had honored its "price match guarantee".

47.    This action will benefit the public.

48.    Best Buy has been enriched at Plaintiff and the class's expense by its deceptive acts.

49.    Equity and good conscience require that Best Buy make restitution, yet Best Buy has failed to make restitution.

50.    Best Buy's failure to honor its "price match guarantee" is in keeping with its deceptive practices, which include a secret intranet site, allegedly used to prevent customers from reaping the benefits of discounts advertised on BestBuy.com.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of a class, consisting of all persons who were damaged by Best Buy's failure to honor its "price match guarantee". Excluded from the class are the Defendant, officers and directors of the company, at

all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant's have or had a controlling interest.

52.     The Class which Plaintiff seeks to represent is defined as:

All persons who, in the United States, were denied the benefits of Best Buy's price march guarantee. The term "persons" includes individuals as well as profit and not-for-profit corporations, partnerships, limited liability companies, limited liability partnerships, joint ventures, sole proprietorships, associations, firm, trust and other business and governmental entities. <u>Excluded from this Class</u> are any persons or other entity related to or affiliated with the Defendant; any person, firm, trust, corporation, or other entity who purchased, for resale, from Defendant, or any entity related to or affiliated with Best Buy or any person who has an action for damages for personal injury or death or property damage against Defendant.

## NUMEROSITY

53.     The members of the Class are so numerous that joinder of all members is impracticable. The Class is made up of thousands of members. The precise number of Class members can only be ascertained through discovery, which includes Defendant's sales and complaints records. The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

54.     There is a well-defined community of interest in the questions of law and fact involved affecting the Plaintiff and members of the Class.

55.     The questions of law and fact common to the Class predominate over questions which may affect individual members, and include the following:

(a)     Whether Best Buy has a policy or practice of refusing to honor its "price match guarantee";

9

(b)     Whether Best Buy made false or misleading statements, or representations of fact;

(c)     Whether Best Buy's acts actually deceived or had a tendency to deceive a substantial segment of its audience;

(d)     Whether Best Buy violated Minnesota's Consumer Fraud Act;

(e)     Whether Best Buy violated Minnesota's Private Attorney General Statute;

(e)     Whether Best Buy violated New York's General Business Law §349;

(g)     Whether Best Buy violated New York's General Business Law §350;

(h)     Whether members of the class are entitled to the entry of final and injunctive relief compelling Defendant to honor its "price match guarantee";

(i)     Whether class members are entitled to actual damages and if so, the appropriate amount thereof; and

(j)     Whether Defendant deliberately misrepresented or failed to disclose material facts to Plaintiff and the Class members.

## TYPICALITY

56.     The claims and defenses of Plaintiff, as the representative Plaintiff, are typical of the claims and defenses of the class because Plaintiff and the Class members were all deprived the benefits of Best Buy's "price match guarantee". Plaintiff, like all class members, purchased or sought to purchase a product, sought to receive the benefits of Best Buy's "price match guarantee" and were deprived the benefits of Best Buy's "price match guarantee".

10

## ADEQUACY OF REPRESENTATION

57.    Plaintiff, as the representative Plaintiff, will fairly and adequately assert and protect the interests of the Class as:

>    (a)    Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

>    (b)    Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

58.    With respect to the Class, questions common to the class predominate over those which only affect individual owners.  This case involves Best Buy's failure to honor its "price match guarantee".  Liability will primarily be predicated upon the jury's evaluation of Best Buy's advertising, practices and conduct regarding its "price match guarantee".

## SUPERIORITY

59.    A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

>    (a)    The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

>    (b)    The Class is so numerous as to make joinder impracticable.  The Class, however, is not so numerous as to create manageability problems.  There are no unusual legal or factual issues which would create manageability problems;

11

(c)     Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

(d)     The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover; and

(e)     A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## FIRST CAUSE OF ACTION
### (Common Law False Advertising)

60.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

61.     In its advertisements, Defendant made a false or misleading statement, or representation of fact.

62.     Defendant actually deceived or had a tendency to deceive a substantial segment of its audience.

63.     Defendant's deception was material in that it is likely to influence the purchasing decision of consumers.

64.     The statement concerned concerns goods, services, or commercial activities, in interstate commerce.

65.     Plaintiff and the class have been and are likely to continue to be injured as a result of the false advertising.

12

## SECOND CAUSE OF ACTION
### (Violation of Minn.Stat. § 325F.69 et seq. Minnesota's Consumer Fraud Act)

66.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

67.     Defendant used false information and deceptive practices in the course of selling goods and services.

68.     Defendant intended that others would rely upon this false information and deceptive practices.

69.     Plaintiff and the class were injured by Defendant's sale of merchandise.

70.     Plaintiff and the class have suffered damages.

71.     Plaintiff and the class are consumers.

## THIRD CAUSE OF ACTION
### (Violation of Minn.Stat. § 8.31 et seq. Minnesota's Private Attorney General Statute)

72.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

73.     Plaintiff and the class are consumers.

74.     Plaintiff and the class were injured by Defendant's sale of merchandise.

75.     Plaintiff and the class have been injured by Defendant's violation of the Minnesota Consumer Fraud Act.

76.     Plaintiff and the class have suffered damages.

77.     This action will benefit the public interest and therefore meets the requirements of Minnesota's Private Attorney General Statute.

## FOURTH CAUSE OF ACTION
**(Violation of New York's General Business Law §349 Deceptive Acts and Practices)**

78.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

79.    With regarding to New York consumers, Defendant's acts, practices and advertisements are of a recurring nature and were directed at consumers.

80.    With regarding to New York consumers, Defendant's acts, practices and advertisements are materially deceptive and misleading.

81.    With regarding to New York consumers, Plaintiff and the class were injured as a result of defendant's deceptive acts, practices and advertisements.

## FIFTH CAUSE OF ACTION
**(Violation of New York's General Business Law §350 Deceptive Acts and Practices)**

82.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

83.    With regarding to New York consumers, Defendant's advertisements were false and misleading in a material respect.

84.    With regarding to New York consumers, Plaintiff and the class have been aggrieved by the defendant's false advertising.

## SIXTH CAUSE OF ACTION
**(Unjust Enrichment)**

85.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

86.    Defendant was enriched by its deceptive acts.

14

87.     The enrichment was at expense of Plaintiff and the class.

88.     The circumstances were such that equity and good conscience require Defendant to make restitution.

89.     Defendant has failed to make restitution.

90.     As a result, Plaintiff and the class have been damaged.

### SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

91.     Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the complaint as if set forth at length herein.

92.     Defendant's conduct is improper and deceptive and has caused injury to Plaintiff and the class.

93.     The grounds for an injunction are present therein, including the fact that Plaintiff and the class has a likelihood of success on the merits; irreparable harm will be done if the injunction is denied; the balance of the equities is in favor of granting the injunction and Plaintiff and he class have been injured by defendant's action and will continue to be injured absent the requested injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

1.     For an order certifying the Class, appointing Plaintiff as representative of the Class, the New York subclass and appointing the law firms representing Plaintiff as counsel for the Class;

15

2.      For compensatory damages sustained by Plaintiff and the class;

3.      For compensatory damages and/or restitution or refund of all funds acquired by Defendant from Plaintiff and the class, and the general public as a result of Defendant's unlawful, unfair, fraudulent, deceptive and unconscionable practices described herein;

4.      For punitive and all other damages available to the Class;

5.      For payment of costs of suit herein incurred;

6.      For both pre-and post-judgment interest on any amounts awarded;

7.      For payment of reasonable attorneys' fees and expert fees;

8.      For injunctive relief; and

9.      For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: December 17, 2007
       Chestnut Ridge, New York

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.

By:

Gary S. Graifman
Michael L. Braunstein
747 Chestnut Ridge Road
Chestnut Ridge, New York  10977
Tel:   (201) 391-7000

Michael Scott Green, Esq.
**GREEN & PAGANO, LLP**
522 Route 18
P.O. Box 428
East Brunswick, NJ  08816
Tel:  732-390-0480
