STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
THOMAS JERMYN, on behalf of himself  :
and all others similarly situated,
                                      :   CIVIL ACTION NO.  08 CV 00214
          Plaintiff,                  :
                                          ECF ACTION
                                      :
     -against-
                                          **BEST BUY STORES, L.P.'S**
                                      :   **ANSWER TO PLAINTIFF'S**
BEST BUY STORES, L.P.,                    **AMENDED COMPLAINT**

          Defendant.                  :

---------------------------------------- X

## BEST BUY STORES, L.P.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes Defendant Best Buy Stores, L.P. ("Best Buy") to Answer Plaintiff Thomas Jermyn's ("Plaintiff") Amended Complaint, dated March 26, 2008 ("Amended Complaint"). Best Buy specifically denies any allegations except as otherwise stated. Best Buy states and alleges as follows:

### SUMMARY OF THE ACTION

1.   Best Buy admits that Plaintiff purports to bring this action as described in his Amended Complaint, but denies the remaining allegations in paragraph 1. Best Buy denies the substantive allegations contained in the Amended Complaint.

2.   Best Buy admits that it offers a price match guarantee under certain circumstances. Best Buy denies the remaining allegations in paragraph 2. Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

3.   Best Buy denies the allegations in paragraph 3.

## PARTIES

4.      Best Buy admits that Plaintiff Thomas Jermyn purports to bring this action as described in paragraph 4.  Best Buy lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 4, and therefore denies the same.

5.      Best Buy denies that it is a Minnesota business entity and affirmatively states that it is a Limited Partnership formed under the laws of Virginia.  Best Buy admits that its office and principal place of business is located at 7601 Penn Avenue South, Richfield, Minnesota.  Best Buy denies the remaining allegations in paragraph 5.  Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

## JURISDICTION AND VENUE

6.      Best Buy denies that it is a Minnesota corporation; rather, it is a Limited Partnership formed under the laws of Virginia.  Best Buy denies the remaining allegations contained in paragraph 6 because Plaintiff cannot aggregate the claims of the putative class members to reach the $75,000 amount in controversy required by 28 U.S.C. § 1332.

7.      Best Buy denies that it is a Minnesota corporation; it is a Limited Partnership formed under the laws of Virginia.  Best Buy admits that this Court has jurisdiction under the Class Action Fairness Act because Plaintiff has alleged that the amount in controversy exceeds $5 million.  Best Buy denies the remaining allegations in paragraph 7.

8.      Best Buy admits that venue is appropriate in this District because Best Buy operates stores in this District.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

9.      Best Buy admits that one of multiple Best Buy stores located within City, State and County of New York is located at 60 West 23rd Street, New York, New York, 10010-5201.

Best Buy denies the remaining allegations in paragraph 9. Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

11. Best Buy admits that a Best Buy receipt dated May 13, 2005, indicates Plaintiff purchased a Nikon D-70 camera from Best Buy for $1,199.99.

11. Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore denies the same.

12. Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore denies the same.

13. Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore denies the same.

14. Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 14, and therefore denies the same.

15. Best Buy admits that it offers a price match guarantee in certain circumstances. Best Buy further admits that The Best Buy Price Guarantee Customer FAQs for the price match policy in existence in May 2005 contained, *inter alia*, the language quoted in paragraph 15. A true and correct copy of The Best Buy Price Guarantee Customer FAQs for the price match policy in existence in May 2005 is attached as Exhibit A.

16. Best Buy admits that it offers a price match guarantee in certain circumstances. Best Buy denies the remaining allegations in paragraph 16. Best Buy affirmatively states that The Best Buy Price Guarantee Customer FAQs for the price match policy in existence in May 2005, attached as Exhibit A, contains, *inter alia*, the following language:

> Already bought? We'll refund you the price difference, plus an additional 10% of that difference, up to 30 days after your purchase (14 days on select categories*).

>Either way, simply bring in proof of a local retail competitor's price on the same available brand and model, and we'll do the rest.
>
>Exclusions apply. See details below.

17. Best Buy admits that it offers a price match guarantee in certain circumstances. Best Buy further admits that The Best Buy Price Guarantee Customer FAQs for the price match policy in existence in May 2005, attached as Exhibit A, contains, *inter alia*, the language quoted in paragraph 17.

18. Best Buy denies the allegations in paragraph 18.

19. Best Buy admits that on May 20, 2007, Plaintiff returned the Nikon camera to Best Buy. Best Buy denies the remaining allegations in paragraph 19.

20. Best Buy admits that, pursuant to its restocking fee policy, it charged Plaintiff a restocking fee of 15%, which totaled $180.00, for returning the product because Plaintiff had opened the box and the digital camera was not defective. Best Buy denies the remaining allegations in paragraph 20.

21. Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 21, and therefore denies the same.

22. Best Buy denies the allegations in paragraph 22.

23. Best Buy denies the allegations in paragraph 23.

24. Best Buy states that the allegations contained in paragraph 24 are unattributable allegations from a website that lacks authentication and foundation, and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

25.     Best Buy states that the allegations contained in paragraph 25 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article."  *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

26.     Best Buy states that the allegations contained in paragraph 26 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article."  *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

27.     Best Buy states that the allegations contained in paragraph 27 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article."  *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

28.     Best Buy states that the allegations contained in paragraph 28 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article."  *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

29.     Best Buy states that the allegations contained in paragraph 29 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his]

factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

        30.     Best Buy states that the allegations contained in paragraph 30 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

        31.     Best Buy states that the allegations contained in paragraph 31 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

        32.     Best Buy states that the allegations contained in paragraph 32 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

        33.     Best Buy denies the allegations in paragraph 33.

        34.     Best Buy denies the allegations in paragraph 34.

        35.     Best Buy denies the allegations in paragraph 35,

        36.     Best Buy denies the allegations in paragraph 36.

        37.     Best Buy denies the allegations in paragraph 37.

        38.     Best Buy denies the allegations in paragraph 38.

39. Best Buy lacks sufficient knowledge of Plaintiff's definitions of "goods," "commercial activities," and "interstate commerce" to admit or deny the allegations in paragraph 39, and therefore denies the same.

40. Best Buy denies the allegations in paragraph 40.

41. Best Buy denies the allegations in paragraph 41.

42. Best Buy lacks sufficient knowledge of Plaintiff's definitions of the phrases "practices and advertisements" and "recurring in nature and directed at consumers" to admit or deny the allegations in paragraph 42, and therefore denies the same.

43. Best Buy denies the allegations in paragraph 43.

44. Best Buy lacks sufficient knowledge of Plaintiff's definition of "ordinary consumers" to admit or deny the allegations in paragraph 44, and therefore denies the same.

45. Best Buy denies the allegations in paragraph 45.

46. Best Buy denies the allegations in paragraph 46.

47. Best Buy denies the allegations in paragraph 47.

48. Best Buy denies the allegations in paragraph 48.

49. Best Buy denies the allegations in paragraph 49.

## **CLASS ACTION ALLEGATIONS**

50. Best Buy admits that Plaintiff purports to bring this action on behalf of a class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and denies all allegations in paragraph 50 inconsistent therewith. Best Buy denies the remaining allegations in paragraph 50.

51. Best Buy admits that Plaintiff purports to define the class as stated in paragraph 51.

## NUMEROSITY

52. Best Buy denies the allegations in paragraph 52.

## COMMON QUESTIONS OF LAW AND FACT

53. Best Buy denies the allegations in paragraph 53.

54. Best Buy denies the allegations in paragraph 54.

## TYPICALITY

55. Best Buy denies the allegations in paragraph 55.

## ADEQUACY OF REPRESENTATION

56. Best Buy denies the allegations in paragraph 56.

## PREDOMINANCE

57. Best Buy denies the allegations in paragraph 57.

## SUPERIORITY

58. Best Buy denies the allegations in paragraph 58.

## FIRST CAUSE OF ACTION
(Common Law False Advertising)

59. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

60. Best Buy denies the allegations in paragraph 60.

61. Best Buy denies the allegations in paragraph 61.

62. Best Buy denies the allegations in paragraph 62.

63. Best Buy lacks sufficient knowledge of Plaintiff's definitions of "goods," "services," "commercial activities," and "interstate commerce" to admit or deny the allegations in paragraph 63, and therefore denies the same.

64. Best Buy denies the allegations in paragraph 64.

## SECOND CAUSE OF ACTION
(Violation of Minn. Stat. § 325F.69 *et. seq.*, Minnesota's Consumer Fraud Act)

65. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

66. Best Buy denies the allegations in paragraph 66. Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

67. Best Buy denies the allegations in paragraph 67. Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

68. Best Buy denies the allegations in paragraph 68. Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

69. Best Buy denies the allegations in paragraph 69. Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

70. Best Buy denies the allegations in paragraph 70. Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

## THIRD CAUSE OF ACTION
(Violation of Minn. Stat. § 8.31 *et. seq.*, Minnesota's Private Attorney General Statute)

[Third Cause of Action, paragraphs 71-76, removed from Amended Complaint per Court's April 4, 4008, Minute Entry.]

## FOURTH CAUSE OF ACTION
(Violation of New York's General Business Law § 349 Deceptive Acts and Practices)

77. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

78. Best Buy denies the allegations in paragraph 78. Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

79. Best Buy denies the allegations in paragraph 79. Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

80. Best Buy denies the allegations in paragraph 80. Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

**FIFTH CAUSE OF ACTION**
(Violation of New York's General Business Law § 350 Deceptive Acts and Practices)

81. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

82. Best Buy denies the allegations in paragraph 82. Best Buy further responds that N.Y. Gen. Bus. L. § 350 *et. seq.* speaks for itself.

83. Best Buy denies the allegations in paragraph 83. Best Buy further responds that N.Y. Gen. Bus. L. 350 *et. seq.* speaks for itself.

**SIXTH CAUSE OF ACTION**
(Unjust Enrichment)

84. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

85. Best Buy denies the allegations in paragraph 85.

86. Best Buy denies the allegations in paragraph 86.

87. Best Buy denies the allegations in paragraph 87.

88. Best Buy denies that it is obligated to make restitution as implied in paragraph 88.

89. Best Buy denies the allegations in paragraph 89.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)

90. Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

91. Best Buy denies the allegations in paragraph 91.

92. Best Buy denies the allegations in paragraph 92.

## AFFIRMATIVE DEFENSES

1. Each of Plaintiff's Counts fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because an express contract controls.

3. Plaintiff lacks standing to bring the claims as alleged in the Amended Complaint.

4. Plaintiff is not entitled to any equitable relief because of Plaintiff's own unclean hands.

5. Plaintiff's recovery, if any, should be precluded or reduced to the extent that any such alleged damages (the existence and extent of which Best Buy expressly denies) could have been avoided had Plaintiff engaged in reasonable efforts to mitigate, minimize, or avoid the damages alleged.

6. Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

7. Plaintiff's purported damages were caused in whole or in part by Plaintiff's own conduct, actions, omissions, delay, or failure to act.

8. Plaintiff's claims are barred by the economic-loss doctrine.

9. Best Buy has a defense of set-off with respect to Plaintiff.

10. Some members of Plaintiff's putative class claims are barred by applicable statutes of limitations.

11. Best Buy expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based upon legal theories, facts, and circumstances which may or will be developed through discovery and/or further legal analysis of Plaintiff's claims and Best Buy's position in this litigation.

**WHEREFORE**, Best Buy respectfully requests that this Court:

1. enter judgment dismissing this action with prejudice;

2. award Best Buy its costs and disbursements; and

3. award Best Buy such other relief as the Court deems equitable, appropriate, and just under the circumstances.

DATED:  April 18, 2008            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By: s/ Jennifer G. Daugherty
    Anne M. Lockner (admitted *pro hac vice*)
    Jennifer G. Daugherty (admitted *pro hac vice*)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel:   (612) 349-8500
Fax:   (612) 339-4181

ATTORNEYS FOR DEFENDANT BEST BUY CO., INC.

MP-Primary 80053002.1

# EXHIBIT A

**The Best Buy Price Guarantee
Customer FAQs**



www.BestBuy.com

Here are two more great reasons for you to shop with confidence at Best Buy.

If you are about to make a purchase and discover a lower price than ours, let us know and we'll match that price. Guaranteed.

Already bought? We'll refund you the price difference, plus an additional 10% of that difference, up to 30 days after your purchase (14 days on select categories*).

Either way, simply bring in proof of a local retail competitor's price on the same available brand and model, and we'll do the rest.

Exclusions apply. See details below.

*Select Categories include desktop computers, notebooks, projectors, monitors, printers, camcorders, digital cameras and radar detectors.

**Exclusions:**
The Best Buy Price Guarantee does not apply to competitors' free offers, limited quantity items, open-box, clearance or closeout products, mail-in incentives, financing or bundle offers. In California, the policy does not apply to mobile phones. The policy does not apply to typographical errors or a competitor's price that results from a price match.

**What is considered a local retail competitor?**
A retail store located in the same market area as your local Best Buy store.

**What is considered "verifiable proof" of price?**
The best way to show proof of price is to bring in the competitor's **current ad**, which shows the price of the item you wish us to match and the dates for which the price is valid. If the current ad is not available, we reserve the right to call the competitor's store to verify the lower price and availability of the item.

**How do you handle a price match if the Best Buy price includes a rebate, gift card or other promotional offer?**
Our purchase price is calculated by deducting the value of all discounts, free items and mail-in rebates when determining our purchase price. Simply put, a refund or price match will be based on the purchase price at Best Buy after all discounts and promotions are applied.

We offer you the choice between the Best Buy purchase price or the competitor's price. (See details below for how we handle competitor rebates.) If you choose a competitor's price, applicable Best Buy rebates will no longer apply and will not be fulfilled. Free items received during the original purchase must either be returned or their value paid for. This applies to "packages" or "bundle rebates" as well. If you choose the competitor's offer, the entire original package or bundle rebate is invalid.

If you prefer a current Best Buy offer instead of your original Best Buy offer, you must accept either the entire current offer, or your entire original offer. You may not, for example, receive both a current advertised sale price and a rebate that was in effect at the time of your original purchase but is no longer available. You may choose the offer that is best for you.

**How do you handle a price match if the Competitor's price includes a rebate, gift card or other promotional offer?**
The competitor's purchase price is calculated by deducting instant discounts taken at the register such as instant rebates. Mail-in rebates and other deferred savings are not deducted from the competitor's purchase price.

**What if the competitor does not have the item in stock or has limited quantities of the product?**
Sometimes a retailer will advertise a very low price for a product but have only limited quantities in stock. If the item is out of stock or the competitor has limited quantities of an item, then the product is not eligible for price matching.

**Are Best Buy services eligible for price matching?**
Due to the differences in services being performed, Best Buy does not match competitor's service prices. This includes, but is not limited to, services such as delivery, installation and Geek Squad® computer services.

**What does it mean not to match a competitor's price that results in a price match?**
Best Buy will not price match to a local competitor's price that has already been reduced by a price match to another retailer. We do not allow "stacking" of multiple offers (e.g.: free items, plus price matching, plus rebates, etc.).

**Can I have my price match request processed over the phone or online?**
We currently are not able to process your claim over the phone or online. However, if you have questions regarding the policy, call our Customer Care Center anytime at 1-888-BEST-BUY.

**What if I find a lower price at a Best Buy store or BestBuy.com?**
If you find a lower price on BestBuy.com or at another Best Buy store either at the time of your purchase or within 30 days of your purchase, we will refund you 100% of the difference. The extra 10% of the difference does not apply. (Web exclusive offers advertised on BestBuy.com are not eligible for price matches.)

**What is a "Web exclusive offer?"**
A product that can only be purchased online or a price that is only offered to online buyers.

b0073569

**Garantía de precio de Best Buy
Preguntas frecuentes de los clientes**



www.BestBuy.com

Aquí hay dos razones importantes más para que compre con confianza en Best Buy.

Si usted está por realizar una compra y detecta un precio inferior al nuestro, infórmenos e igualaremos ese precio. Está garantizado.

¿Ya compró? Le reembolsaremos la diferencia de precio más un adicional del 10% de la misma hasta 30 días después de la compra (14 días en categorías selectas*).

En cualquiera de los dos casos, simplemente traiga la prueba del precio del competidor minorista local para el producto de la misma marca y modelo, y nosotros nos encargaremos del resto.

Es posible que haya excepciones en algunos estados. Lea los detalles a continuación.

*En las categorías selectas se incluyen computadoras, computadoras portátiles, proyectores, monitores, impresoras, videocámaras, cámaras digitales y detectores de radar.*

**Excepciones:**
La garantía de precio de Best Buy no se aplica en los casos de ofertas gratuitas, artículos de cantidad limitada, mercadería de "caja abierta", productos en liquidación, ofertas de incentivos por correo, de financiación o por bulto. En California, esta política no se aplicará para teléfonos móviles. Tampoco se aplicará en el caso de errores tipográficos o de precios del competidor obtenidos a partir de una comparación de precios.

**¿Cuál es la definición de competidor minorista local para nosotros?**
Se refiere a una tienda minorista ubicada en la misma área comercial que su tienda local de Best Buy.

**¿Qué se considera una "prueba verificable" del precio?**
La mejor manera de mostrar una prueba del precio es traer el anuncio actual del competidor donde se muestre el precio del artículo con el cual usted desee que establezcamos una comparación y la fecha de validez del mismo. Si no se puede obtener el anuncio actual, nos reservamos el derecho de llamar a la tienda del competidor para verificar el precio menor y la disponibilidad del artículo.

**¿Cómo debe manejar una comparación de precios cuando el precio de Best Buy incluye una bonificación, una tarjeta de regalo u otra oferta promocional?**
Nuestro precio de compra se calcula descontando el valor de todos los descuentos, de los artículos gratuitos y de las bonificaciones por envío de correo. Para decirlo sencillamente, el reembolso o la comparación de precios se basará en el precio de compra de Best Buy después de aplicar todos los descuentos y las promociones.

Le ofrecemos la opción de elegir entre el precio de compra de Best Buy o el precio del competidor. (Lea los detalles a continuación para saber cómo manejamos las bonificaciones del competidor). Si opta por el precio del competidor, las bonificaciones de Best Buy que correspondan ya no se aplicarán ni se realizarán. Los artículos gratuitos recibidos durante la compra original se deben devolver o bien se debe pagar por ellos. Este criterio también se aplica a las "bonificaciones por paquetes o por bulto". Si usted elige la oferta del competidor, la bonificación por paquete o por bulto original completos no será válida.

Si usted elige la oferta de Best Buy actual en lugar de la oferta original de Best Buy, debe aceptar la oferta actual completa o bien la oferta original completa. Por ejemplo, no podrá obtener el precio de venta publicado actual y la bonificación que estaba vigente en el momento de su compra original pero que ya no está disponible. Puede elegir la oferta que más le convenga.

**¿Cómo debe manejar una comparación de precios cuando el precio del competidor incluye una bonificación, una tarjeta de regalo u otra oferta promocional?**
El precio de compra del competidor se calcula descontando los descuentos instantáneos que se realizan en la caja. Las bonificaciones por envío de correo y otros ahorros diferidos no se descuentan del precio de compra del competidor.

**¿Qué sucede si el competidor no tiene el artículo en existencias o tiene cantidades limitadas del producto?**
A veces, una tienda minorista anunciará un precio muy bajo en un producto, pero sólo tiene en existencias una cantidad limitada. Si el artículo no está en existencias o el competidor tiene una cantidad limitada del mismo, el producto no es apto para realizar una comparación de precios.

**¿Son los servicios de Best Buy aptos para las comparaciones de precios?**
Debido a las diferencias que Best Buy tiene en los servicios que presta, no es apto para la comparación de precios de servicio de un competidor. Se incluyen, entre otros, los servicios para computadoras de entrega, instalación y Geek Squad®.

**¿Qué significa no comparar un precio del competidor que se obtenga de una comparación de precios?**
Best Buy no aceptará establecer una comparación de precios con un precio de un competidor local que ya haya sido reducido a su vez por una comparación de precios con otra tienda minorista. Best Buy no acepta "apilamientos" de ofertas múltiples (por ejemplo: artículos gratuitos más una comparación de precios más bonificaciones, etc.).

**¿Puede Best Buy procesar mi comparación de precios por teléfono o en línea?**
Normalmente, no podemos procesar su reclamo por teléfono o en línea. Sin embargo, si usted desea realizar preguntas con respecto a nuestra política, llame en cualquier horario al Centro de atención al cliente al número 1-888-BEST-BUY.

**¿Qué sucede si detecto un precio menor en una tienda de Best Buy o en BestBuy.com?**
En el caso de que usted detecte un precio menor en BestBuy.com o en otra tienda de Best Buy en el momento de su compra o dentro de los 30 días de la misma, le reembolsaremos el 100% de la diferencia. El 10% adicional de la diferencia no es aplicable. (Las ofertas exclusivas de la Web anunciadas en BestBuy.com no son aptas para las comparaciones de precios.)

**¿Qué es una "oferta exclusiva de la Web"?**
Es un producto que únicamente se puede comprar en línea o un precio que sólo se ofrece a los compradores en línea.

b0073569

**CERTIFICATE OF SERVICE**

Case Name:   **THOMAS JERMYN**, on behalf of himself and all others similarly situated v. **BEST BUY STORES, L.P.**
Court File No:   **08-00214**

    I hereby certify that on April 18, 2008, I electronically filed the foregoing documents: ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, with EXHIBIT A, and this Certificate of Service with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

| | |
|---|---|
| Gary S. Graifman | ggraifman@kgglaw.com |
| Todd C. Norbitz | tnorbitz@foley.com |
| Anne M. Lockner | amlockner@rkmc.com |
| Jennifer G. Daugherty | jgdaugherty@rkmc.com |

    In addition, all of the preceding documents were served via first-class mail this 18th day of April 2008 upon the following:

Michael L. Braunstein, Esq.
KANTROWITZ, GOLDHAMER
    & GRAIFMAN, P.C.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977-6216

Yonaton Aronoff, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016

                                                  *s/* Jennifer G. Daugherty
                                                  Jennifer G. Daugherty