M. MAHUN, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X

THOMAS JERMYN, on behalf of himself
and all others similarly situated,

        Plaintiff,

    -against-

BEST BUY STORES, L.P.,

       Defendant.

------------------------------------------ X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/08
```

CIVIL ACTION NO. 08 CV 00214 (*CM*)

ECF ACTION

## STIPULATION AND PROTECTIVE ORDER

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto through their respective counsel, as follows:

    1.    Any documents, data, written material, or other information in printed or electronic form disclosed or produced by any party in the context of this action, which the producing party in good faith considers to be non-public, trade secret, confidential or proprietary information, in particular: (1) financial information, (2) customer information, (3) competitive information including information that relates to a party's internal policies, procedures, and training materials, (4) information that relates to a party's operations and efforts to comply with statutory regulations (regardless of whether such information is protected by the attorney client privilege), and (5) information whose disclosure is prohibited by non-disclosure agreement(s) with third parties, that is not (a) generally available to the public or in the public domain; (b) available to the relevant trade or industry in which the party operates; or (c) independently known to any other party, may be designated by such party as "Confidential Information" at the time of production. The treatment by the receiving parties of such materials or information as

other than confidential prior to their designation as "Confidential Information" shall not be construed as a violation of the provisions herein governing the use of "Confidential Information." All "Confidential Information," regardless of its form or classification, shall be used only by the persons specified in Paragraph 2 below, only in connection with this action, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

2.     No person shall be given, shown, or allowed to examine, or shall be privy to any discussions regarding material designated as "Confidential" except the following:

a.     the named parties, including in-house counsel; counsel of record for the parties; or employees of counsel of record for the parties who have need to see "Confidential Information" in the performance of their duties on counsel's behalf;

b.     the Court and any employees of the Court designated by the Court, with or without notice to the parties;

c.     court reporters retained to transcribe testimony;

d.     any person permitted to review confidential material by Court Order;

e.     persons shown to have authored, received or had knowledge of the document;

f.     experts, consultants, and other persons employed solely for purposes of this litigation by the parties or attorneys for the parties (collectively "Litigation Consultants"), but only after the Litigation Consultant(s) has signed and provided to the party with whom he/she is consulting an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order;

g.     deposition witnesses who are otherwise qualified under this Paragraph 2 to review "Confidential Information";

2

h.      deposition witnesses employed by a party who was involved with the creation of or has prior knowledge of the "Confidential Information"; and

i.      any other witnesses and deponents who have been previously approved to review "Confidential Information" by the producing party and who have signed an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order.

3.      The inadvertent failure of any party to designate documents, data, oral or written material, or information as confidential material shall not constitute, or have the effect of, a waiver of any claim that such material, or any similar material, is confidential within the meaning of this Stipulation and Protective Order, including discovery materials which a party inadvertently fails to designate as confidential at the time of production but which such party subsequently designates as confidential. The treatment by the remaining parties of such materials as other than confidential prior to their designation as confidential shall not be construed as a violation of the provisions herein governing the use of confidential materials.

4.      The production of documents or other information by the parties pursuant to this Stipulation and Protective Order shall not constitute a waiver of any claim based upon any wrongful use of the "Confidential Information" or any use of the "Confidential Information" not expressly permitted herein.

5.      Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request in writing that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

3

6.     All confidential documents and copies of such documents reproduced pursuant to this Stipulation and Protective Order (other than the "work product" of counsel arising from the examination of such documents) shall be surrendered to or destroyed at the request of the party producing such confidential material at the conclusion of this action, whether by compromise, settlement, or final judgment, and the exhaustion of all appellate remedies (and if returned, such return shall be at the expense of the party requesting return). Any notes prepared by counsel claimed as privileged and arising from the examination of "Confidential Information" need not be destroyed but shall continue to be subject to the restrictions set forth herein after the conclusion of this action, whether by compromise, settlement, or by final judgment, and the exhaustion of all appellate remedies. All parties and persons to whom "Confidential Information" is disclosed shall, upon written request, certify in writing that the destruction/return obligations of this paragraph have been fully complied with.

7.     This Stipulation and Protective Order shall govern all pleadings, discovery procedures, and dispositive and nondispositive motions, and shall apply to filings required pursuant to the Local Rules of this Court. This Stipulation and Protective Order shall not govern the treatment of trial transcripts or the introduction of other evidence at the time of trial, which shall be determined upon application of any party to this action, by subsequent order of this Court. During trial, any party may seek by order of the Court appropriate measures to ensure the confidentiality of "Confidential Information" which is referred to, identified, or introduced into evidence. This Stipulation and Protective Order shall not be interpreted as a waiver or otherwise affect the right of any party to object to the identification, introduction into evidence, or reference to any documents, data, or written material at the time of trial, including, but not limited to, objections on the grounds that such material is non-public, confidential, trade secret, or proprietary.

4

8.    Any disputes concerning the application of any provision of this Stipulation and Protective Order shall be heard by the Court upon application of the aggrieved party after the parties have made an effort to meet and confer in good faith as set forth in paragraph 10.

9.    Nothing herein shall prejudice the right of any party to seek reconsideration by the Court, upon written application, to modify, extinguish, or vacate this Stipulation and Protective Order for good cause shown.

10.    If any party objects to the classification or designation of "Confidential Information" herein, said party shall first contact the party making such designation or classification and shall meet and confer in good faith within ten (10) days after contacting the designating party in an effort to resolve the dispute.  If the parties are unable to resolve the dispute, the party asserting confidentiality may apply to the Court, by motion or otherwise, for an appropriate order regarding the treatment of such materials, including, but not limited to, an order permitting certain specific witnesses and/or parties to review and analyze such "Confidential Information."  The receiving party shall maintain the confidentiality of the disputed documents until the disposition of the motion.  The foregoing procedures shall also apply to any objection by a producing party to the disclosure of "Confidential Information" to experts, consultants, and other persons employed by the parties as provided in Paragraph 2(d) above.

11.    Should any person bound hereby receive a subpoena, civil or regulatory investigation demand, or other process from a third party which may be construed to require the disclosure of "Confidential Information" in any form, said person shall immediately give notice to the party or his attorney who designated the information sought by the subpoena, demand, or other process as confidential.  Once notified, it shall be the burden of the party who designated

5

the information confidential to protect the information from disclosure or production pursuant to the subpoena, demand, or process.

12.    Third parties producing documents in the course of this action may also designate documents as "Confidential Information," subject to the same protections and constraints as the parties to the action. A copy of this Stipulation and Protective Order shall be served along with any subpoena served in connection with this action.

13.    Whenever a deposition taken on behalf of any party hereto involves a disclosure of "Confidential Information" of another party, the following procedure shall be implemented:

    a.    In advance of disclosure, the party whose "Confidential Information" is subject to disclosure shall state that the testimony is "Confidential Information" and advise all persons present that the information is subject to this Stipulation and Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL" and any documents marked "CONFIDENTIAL" which are used as deposition exhibits shall be sealed by the court reporter. Only those persons designated in Paragraph 2 hereof shall be permitted to listen to or read this testimony.

    b.    If a designation of "Confidential Information" is not made in advance of disclosure at a deposition, or if additional material from the deposition is to be designated as "Confidential Information," a party must designate the deposition or parts thereof as "Confidential Information" either: orally on the record prior to the end of the deposition session; or in writing not later than twenty (20) days after receipt of the transcript by counsel of record. Until the twenty-day period for written notification has expired, all deposition testimony and transcripts shall be treated in their entirety as "Confidential Information" covered by this Stipulation

and Protective Order. All persons with copies of the deposition transcript shall then mark their copies, if necessary, with the above legend.

14.    Documents designated "Confidential" shall be filed with the Court under seal without a motion. The relevant documents and related materials shall be filed with the court administrator in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
CASE NO. 08 CV 00214
(JUDGE COLLEEN MCMAHON)
THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED

The producing party may thereafter move to keep the designated documents confidential and have the documents designated "Confidential" remain under seal.

IT IS SO STIPULATED.

DATED:    5/1    , 2008    KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.

By: _____

Gary S. Graifman
Michael L. Braunstein

747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel:    845-356-2570

ATTORNEYS FOR PLAINTIFF THOMAS JERMYN

- and-

DATED: May 1, 2008

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____
Anne M. Lockner (admitted pro hac vice)
Jennifer G. Daugherty (admitted pro hac vice)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel:    (612) 349-8500
Fax:    (612) 339-4181

ATTORNEYS FOR DEFENDANT
BEST BUY STORES, L.P.

MP-Primary 80062501.2

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------- X
THOMAS JERMYN, on behalf of himself       :
and all others similarly situated,
                                          :        CIVIL ACTION NO. 08 CV 00214
          Plaintiff,
                                          :        ECF ACTION
     -against-
                                          :        STIPULATION AND PROTECTIVE
BEST BUY STORES, L.P.,                             ORDER
                                          :
          Defendant.
                                          :
--------------------------------------------- X

## ORDER

Based on the foregoing Stipulation, and good cause appearing therefore, the Court hereby

adopts the foregoing provisions of the Stipulation as an Order governing further proceedings in

this action.


Dated: ___2 May___, 2008          _____
                                  Judge Colleen McMahon
                                  Judge, U.S. District Court

MP-Primary 80062501.2

# EXHIBIT A

## ACKNOWLEDGMENT

_____ declares that:

I reside at _____ in the city of _____

county of _____, state of _____.

I am currently employed by _____

located at _____

and my current job title is _____.

I have read and believe I understand the terms of the Stipulation and Protective Order

dated _____, 2008, filed in Civil Action No. 08 CV 00214, pending in the

United States District Court for the Southern District of New York. I agree to comply with and

be bound by the provisions of the Stipulation and Protective Order. I understand that any

violation of the Stipulation and Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential

Information" or obtained pursuant to such Stipulation and Protective Order, or the contents of

such documents, to any person other than those specifically authorized by the Stipulation and

Protective Order. I shall not copy or use such documents except for the purposes of this action

and pursuant to the terms of the Stipulation and Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received any documents in my possession designated

"Confidential Information," and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

1

I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Stipulation and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 200___.

_____
(Signature)

2