STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

THOMAS JERMYN, on behalf of himself
and all others similarly situated,    :

    :    CIVIL ACTION NO. 08 CV 00214

    Plaintiff,    :

    :    ECF ACTION

    -against-    :    **BEST BUY STORES, L.P.'S**

BEST BUY STORES, L.P.,    **AMENDED ANSWER TO**
    :    **PLAINTIFF'S AMENDED COMPLAINT**

    Defendant.    :

------------------------------------- X

## BEST BUY STORES, L.P.'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes Defendant Best Buy Stores, L.P. ("Best Buy") to amended its Answer Plaintiff Thomas Jermyn's ("Plaintiff") Amended Complaint, dated March 26, 2008 ("Amended Complaint"). Best Buy specifically denies any allegations except as otherwise stated. Best Buy states and alleges as follows:

## SUMMARY OF THE ACTION

1.    Best Buy admits that Plaintiff purports to bring this action as described in his Amended Complaint, but denies the remaining allegations in paragraph 1. Best Buy denies the substantive allegations contained in the Amended Complaint.

2.    Best Buy admits that it offers a price match guarantee under certain circumstances. Best Buy denies the remaining allegations in paragraph 2. Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

3.    Best Buy denies the allegations in paragraph 3.

## PARTIES

4.      Best Buy admits that Plaintiff Thomas Jermyn purports to bring this action as described in paragraph 4.  Best Buy lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 4, and therefore denies the same.

5.      Best Buy denies that it is a Minnesota business entity and affirmatively states that it is a Limited Partnership formed under the laws of Virginia.  Best Buy admits that its office and principal place of business is located at 7601 Penn Avenue South, Richfield, Minnesota.   Best Buy denies the remaining allegations in paragraph 5.  Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

## JURISDICTION AND VENUE

6.      Best Buy denies that it is a Minnesota corporation; rather, it is a Limited Partnership formed under the laws of Virginia.  Best Buy denies the remaining allegations contained in paragraph 6 because Plaintiff cannot aggregate the claims of the putative class members to reach the $75,000 amount in controversy required by 28 U.S.C. § 1332.

7.      Best Buy denies that it is a Minnesota corporation; it is a Limited Partnership formed under the laws of Virginia.  Best Buy admits that this Court has jurisdiction under the Class Action Fairness Act because Plaintiff has alleged that the amount in controversy exceeds $5 million.  Best Buy denies the remaining allegations in paragraph 7.

8.      Best Buy admits that venue is appropriate in this District because Best Buy operates stores in this District.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

9.      Best Buy admits that one of multiple Best Buy stores located within City, State and County of New York is located at 60 West 23rd Street, New York, New York, 10010-5201.

Best Buy denies the remaining allegations in paragraph 9. Best Buy affirmatively states that it has 935 stores operating in the United States under the Best Buy brand.

10.     Best Buy admits that a Best Buy receipt dated May 13, 2005, indicates Plaintiff purchased a Nikon D-70 camera from Best Buy for $1,199.99.

11.     Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore denies the same.

12.     Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore denies the same.

13.     Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore denies the same.

14.     Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 14, and therefore denies the same.

15.     Best Buy denies the allegations in paragraph 15. A true and correct copy of the Best Buy Price Guarantee policy in existence in May 2005 is attached as Exhibit A.

16.     Best Buy denies the allegations in paragraph 16. A true and correct copy of the Best Buy Price Guarantee policy in existence in May 2005 is attached as Exhibit A.

17.     Best Buy denies the allegations in paragraph 17. A true and correct copy of the Best Buy Price Guarantee policy in existence in May 2005 is attached as Exhibit A.

18.     Best Buy denies the allegations in paragraph 18.

19.     Best Buy admits that on May 20, 2007, Plaintiff returned the Nikon camera to Best Buy. Best Buy denies the remaining allegations in paragraph 19.

20.     Best Buy admits that, pursuant to its restocking fee policy, it charged Plaintiff a restocking fee of 15%, which totaled $180.00, for returning the product because Plaintiff had

opened the box and the digital camera was not defective. Best Buy denies the remaining allegations in paragraph 20.

21.     Best Buy lacks sufficient knowledge to admit or deny the allegations in paragraph 21, and therefore denies the same.

22.     Best Buy denies the allegations in paragraph 22.

23.     Best Buy denies the allegations in paragraph 23.

24.     Best Buy states that the allegations contained in paragraph 24 are unattributable allegations from a website that lacks authentication and foundation, and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

25.     Best Buy states that the allegations contained in paragraph 25 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

26.     Best Buy states that the allegations contained in paragraph 26 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

27.     Best Buy states that the allegations contained in paragraph 27 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy

denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

28.     Best Buy states that the allegations contained in paragraph 28 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

29.     Best Buy states that the allegations contained in paragraph 29 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

30.     Best Buy states that the allegations contained in paragraph 30 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

31.     Best Buy states that the allegations contained in paragraph 31 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same. Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

32.     Best Buy states that the allegations contained in paragraph 32 are unattributable allegations from a website that lacks authentication and foundation and therefore, Best Buy denies the same.  Best Buy further states that it is inappropriate for Plaintiff to "fill gaps in [his] factual allegations by reference to unnamed or anonymous sources in a newspaper article." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007).

33.     Best Buy denies the allegations in paragraph 33.

34.     Best Buy denies the allegations in paragraph 34.

35.     Best Buy denies the allegations in paragraph 35.

36.     Best Buy denies the allegations in paragraph 36.

37.     Best Buy denies the allegations in paragraph 37.

38.     Best Buy denies the allegations in paragraph 38.

39.     Best Buy lacks sufficient knowledge of Plaintiff's definitions of "goods," "commercial activities," and "interstate commerce" to admit or deny the allegations in paragraph 39, and therefore denies the same.

40.     Best Buy denies the allegations in paragraph 40.

41.     Best Buy denies the allegations in paragraph 41.

42.     Best Buy lacks sufficient knowledge of Plaintiff's definitions of the phrases "practices and advertisements" and "recurring in nature and directed at consumers" to admit or deny the allegations in paragraph 42, and therefore denies the same.

43.     Best Buy denies the allegations in paragraph 43.

44.     Best Buy lacks sufficient knowledge of Plaintiff's definition of "ordinary consumers" to admit or deny the allegations in paragraph 44, and therefore denies the same.

45.     Best Buy denies the allegations in paragraph 45.

46.    Best Buy denies the allegations in paragraph 46.

47.    Best Buy denies the allegations in paragraph 47.

48.    Best Buy denies the allegations in paragraph 48.

49.    Best Buy denies the allegations in paragraph 49.

## CLASS ACTION ALLEGATIONS

50.    Best Buy admits that Plaintiff purports to bring this action on behalf of a class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and denies all allegations in paragraph 50 inconsistent therewith.  Best Buy denies the remaining allegations in paragraph 50.

51.    Best Buy admits that Plaintiff purports to define the class as stated in paragraph 51.

## NUMEROSITY

52.    Best Buy denies the allegations in paragraph 52.

## COMMON QUESTIONS OF LAW AND FACT

53.    Best Buy denies the allegations in paragraph 53.

54.    Best Buy denies the allegations in paragraph 54.

## TYPICALITY

55.    Best Buy denies the allegations in paragraph 55.

## ADEQUACY OF REPRESENTATION

56.    Best Buy denies the allegations in paragraph 56.

## PREDOMINANCE

57.    Best Buy denies the allegations in paragraph 57.

## SUPERIORITY

58.    Best Buy denies the allegations in paragraph 58.

## FIRST CAUSE OF ACTION
(Common Law False Advertising)

59.    Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

60.    Best Buy denies the allegations in paragraph 60.

61.    Best Buy denies the allegations in paragraph 61.

62.    Best Buy denies the allegations in paragraph 62.

63.    Best Buy lacks sufficient knowledge of Plaintiff's definitions of "goods," "services," "commercial activities," and "interstate commerce" to admit or deny the allegations in paragraph 63, and therefore denies the same.

64.    Best Buy denies the allegations in paragraph 64.

## SECOND CAUSE OF ACTION
(Violation of Minn. Stat. § 325F.69 *et. seq*., Minnesota's Consumer Fraud Act)

65.    Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

66.    Best Buy denies the allegations in paragraph 66.  Best Buy further responds that Minn. Stat. § 325F.69 *et. seq*. speaks for itself.

67.    Best Buy denies the allegations in paragraph 67.  Best Buy further responds that Minn. Stat. § 325F.69 *et. seq*. speaks for itself.

68.    Best Buy denies the allegations in paragraph 68.  Best Buy further responds that Minn. Stat. § 325F.69 *et. seq*. speaks for itself.

69.     Best Buy denies the allegations in paragraph 69.  Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

70.     Best Buy denies the allegations in paragraph 70.  Best Buy further responds that Minn. Stat. § 325F.69 *et. seq.* speaks for itself.

## THIRD CAUSE OF ACTION
(Violation of Minn. Stat. § 8.31 *et. seq.*, Minnesota's Private Attorney General Statute)

[Third Cause of Action, paragraphs 71-76, removed from Amended Complaint per Court's April 4, 4008, Minute Entry.]

## FOURTH CAUSE OF ACTION
(Violation of New York's General Business Law § 349 Deceptive Acts and Practices)

77.     Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

78.     Best Buy denies the allegations in paragraph 78.  Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

79.     Best Buy denies the allegations in paragraph 79.  Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

80.     Best Buy denies the allegations in paragraph 80.  Best Buy further responds that N.Y. Gen. Bus. L. § 349 *et. seq.* speaks for itself.

## FIFTH CAUSE OF ACTION
(Violation of New York's General Business Law § 350 Deceptive Acts and Practices)

81.    Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

82.    Best Buy denies the allegations in paragraph 82.  Best Buy further responds that N.Y. Gen. Bus. L. § 350 *et. seq.* speaks for itself.

83.    Best Buy denies the allegations in paragraph 83.  Best Buy further responds that N.Y. Gen. Bus. L. 350 *et. seq.* speaks for itself.

## SIXTH CAUSE OF ACTION
(Unjust Enrichment)

84.    Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

85.    Best Buy denies the allegations in paragraph 85.

86.    Best Buy denies the allegations in paragraph 86.

87.    Best Buy denies the allegations in paragraph 87.

88.    Best Buy denies that it is obligated to make restitution as implied in paragraph 88.

89.    Best Buy denies the allegations in paragraph 89.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)

90.    Best Buy repeats, realleges, and incorporates, by this reference thereof, its responses to the allegations contained in all preceding paragraphs as though set forth fully herein.

91.    Best Buy denies the allegations in paragraph 91.

92.     Best Buy denies the allegations in paragraph 92.

## AFFIRMATIVE DEFENSES

1.      Each of Plaintiff's Counts fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because an express contract controls.

3.      Plaintiff lacks standing to bring the claims as alleged in the Amended Complaint.

4.      Plaintiff is not entitled to any equitable relief because of Plaintiff's own unclean hands.

5.      Plaintiff's recovery, if any, should be precluded or reduced to the extent that any such alleged damages (the existence and extent of which Best Buy expressly denies) could have been avoided had Plaintiff engaged in reasonable efforts to mitigate, minimize, or avoid the damages alleged.

6.      Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

7.      Plaintiff's purported damages were caused in whole or in part by Plaintiff's own conduct, actions, omissions, delay, or failure to act.

8.      Plaintiff's claims are barred by the economic-loss doctrine.

9.      Best Buy has a defense of set-off with respect to Plaintiff.

10.     Some members of Plaintiff's putative class claims are barred by applicable statutes of limitations.

11.     Best Buy expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based upon legal theories, facts, and circumstances which may or will be developed through discovery and/or further legal analysis of Plaintiff's claims and Best Buy's position in this litigation.

**WHEREFORE**, Best Buy respectfully requests that this Court:

1.      enter judgment dismissing this action with prejudice;

2.      award Best Buy its costs and disbursements; and

3.      award Best Buy such other relief as the Court deems equitable, appropriate, and just under the circumstances.


DATED:  June 4, 2008                      **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


                                          By:  s/ Jennifer G. Daugherty
                                               Anne M. Lockner (admitted *pro hac vice*)
                                               Jennifer G. Daugherty (admitted *pro hac vice*)

                                          2800 LaSalle Plaza
                                          800 LaSalle Avenue
                                          Minneapolis, MN 55402-2015
                                          Tel:    (612) 349-8500
                                          Fax:    (612) 339-4181

                                          ATTORNEYS FOR DEFENDANT
                                          BEST BUY STORES, L.P.

80105400.1

**EXHIBIT A**

# Best Buy return & exchange policies

**30 day return period** Please review the exceptions below. In general we accept returns or exchanges 30 days from the original purchase.

**14 day return period** In general we accept items — electronics, 14 days from the original purchase on computers, monitors, printers, notebook computers, camcorders, digital cameras and radar detectors.

**restocking fee** Unless defective, a restocking fee of up to 15% may be charged on opened notebook computers, camcorders, digital cameras and radar detectors. Unless defective, a restocking fee of up to 25% may be charged on special order products, including appliances.

**missing item or damaged product fee** A missing item or damaged product fee may be charged for any product missing the original box, packaging material, contents, accessories and/or manuals; any product not in like new condition.

**return and exchange requirements** Your original receipt is required for all returns, exchanges, price matches and warranty repair services.

All returns, exchanges and price adjustments must be made in the country of original purchase.

For cash purchases over $250 and check purchases over $100, your refund will be issued by check from our corporate office within 14 business days of the return.

**price guarantee** We'll beat their lowest price. If, within 30 days (14 days for computers, monitors, printers, camcorders, digital cameras and radar detectors) of your purchase from Best Buy, you find a local competitor (excluding Internet offers) offering a lower price on an available product of the same brand and model, we will refund the difference plus another 10% of the difference. Bring us verification of the lower price, plus your original Best Buy receipt to claim your refund. Does not apply to special, bonus or free offers and in California, cellular phones and pagers.

**note regarding personal data on returned or exchanged products** Please remove all personal data (e.g., computer or wireless phone data, videotapes) from any returned or exchanged product. Best buy is not responsible for any personal data left on or in a returned or exchanged product.

**non-returnable items include:** Labor and/or installation services, consumable items such as phones, cds, dvd and music or drink; any items that are damaged or abused. The following items, if opened or defective, are only available for an even exchange on the identical product: computer software, DVD or VHS videos, video games and music. Any merchandise missing the original Universal Product Code (UPC) are only available for an even exchange on the identical product.

Any product that is returned without a promotional item(s) included with the original transaction (e.g., buy TV, get free DVD player; buy TV, get free gift card or buy TV, get DVD player half off) will have the value of the promotional item deducted from the refund amount.

Any product that was purchased when a rebate was available on the purchase, subject to having the amount of the rebate deducted from the refund amount.

## warranty information
Copies of Manufacturers' Warranty text available on request.

## end user license agreement
End User Software License Agreements may be available for review on request.

## limited quantities
We reserve the right to limit quantities.

## rebate policy
Unless noted otherwise, all rebates are limited to one per product, per household or address. Best Buy mail-in rebates typically come in two forms: Checks and Rebate Gift Cards. Rebate Gift Cards are redeemable for merchandise or cash in-store, at other Gift Cards are redeemable to merchandise only.

## privacy policy
If you are interested in learning more about our privacy practices, please contact Best Buy at 1-888-BESTBUY or visit www.bestbuy.com.

Best Buy reserves the right to deny any return.

Policies of BestBuy.com may vary from our in-store policies. Please see BestBuy.com for details.

See a Customer Service Representative for details.

**CERTIFICATE OF SERVICE**

Case Name:    **THOMAS JERMYN**, on behalf of himself and all others similarly situated v.
              **BEST BUY STORES, L.P.**

Court File No:    **08-00214**

      I hereby certify that on June 4, 2008, I electronically filed the foregoing documents: DEFENDANT BEST BUY STORES, L.P.'S **AMENDED** ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, with EXHIBIT A, and this Certificate of Service with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

| | |
|---|---|
| Gary S. Graifman | ggraifman@kgglaw.com |
| Todd C. Norbitz | tnorbitz@foley.com |
| Anne M. Lockner | amlockner@rkmc.com |
| Jennifer G. Daugherty | jgdaugherty@rkmc.com |

      In addition, all of the preceding documents were served via email and first-class mail this 4th day of June upon the following:

Michael L. Braunstein, Esq.
KANTROWITZ, GOLDHAMER
    & GRAIFMAN, P.C.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977-6216

Yonaton Aronoff, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016

                                            *s/* Jennifer G. Daugherty
                                            Jennifer G. Daugherty