UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
THOMAS JERMYN, on behalf of himself
and all others similarly situated,

                                              Docket No. 08 CV 00214

                Plaintiff,

      - against -                           **REPLY DECLARATION**

BEST BUY STORES, L.P.,

                Defendant.
--------------------------------------------------------------X

      **MICHAEL L. BRAUNSTEIN**, an attorney duly admitted to practice before this Court,

hereby declares the truth of the following statements, upon information and belief, under the

penalty of perjury:

      1.      I am an attorney with the law firm Kantrowitz, Goldhamer & Graifman, P.C.,

attorneys for the plaintiff Thomas Jermyn, on behalf of himself and all others similarly situated

("Jermyn" or "plaintiff"") and as such I am fully familiar with the matters set forth herein.

      2.      This declaration is submitted in reply to defendant's opposition and in further

supports of plaintiff's motion for: (1) class certification; (2) appointing Thomas Jermyn as the

Class representative; and (3) appointing the firms Kantrowitz, Goldhamer & Graifman, P.C. and

Green & Pagano, LLP as Class counsel.  Additionally, a reply memorandum of law is

simultaneously being submitted under seal pursuant to a Protective Order

      3.      On May 2, 2008, Jermyn appeared for a deposition.  A true and accurate copy of

relevant portions of Mr. Jermyn's deposition transcript is attached as Exhibit 29.

WHEREFORE, it is respectfully requested that the instant motion for: (1) class certification; (2) appointing Thomas Jermyn as the Class representative; and (3) appointing the firms Kantrowitz, Goldhamer & Graifman, P.C. and Green & Pagano, LLP as Class counsel be granted in its entirety.


Dated: Chestnut Ridge, New York
      July 3, 2008

MICHAEL L. BRAUNSTEIN

# EXHIBIT 29

Page 1

1

2  UNITED STATES DISTRICT COURT

   SOUTHERN DISTRICT OF NEW YORK

3  - - - - - - - - - - - - - - - - - - - - - - - X

   THOMAS JERMYN, on behalf of himself and

4  all others similarly situated,

5                    Plaintiff,

                                      Docket No.

6        against,                     08 CV 00214

7

   BEST BUY STORES, L.P.,

8

                    Defendant.

9  - - - - - - - - - - - - - - - - - - - - - - - X

10 DATED:    May 2, 2008

             Chestnut Ridge, New York

11           9:10 a.m. - 1:20 p.m.

12           Patrick M. DeGiorgio, Reporter

13

14

15

16

17                 DEPOSITION

18                    OF

                  THOMAS JERMYN

19

20

21

22

23

24

25

**Page 2**

1
2  APPEARANCES:
3
4      KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
          Attorneys for Plaintiff
5        747 Chestnut Ridge Road
          Chestnut Ridge, New York 10977
6      BY:  MICHAEL L. BRAUNSTEIN, ESQ.,
          of Counsel
7          -and-
        GREEN & PAGANO, L.L.P.
8        Co-Counsel for Plaintiff
          522 Route 18
9        East Brunswick, New Jersey 08816
10
11
        ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
12       Attorneys for Defendant
          2800 LaSalle Plaza
13       800 LaSalle Avenue
          Minneapolis, Minnesota, 55402-2015
14     BY:  JENNIFER G. DAUGHERTY, ESQ.,
          of Counsel
15
16
17
18
19
20
21
22
23
24
25

**Page 3**

1
2          S T I P U L A T I O N S
3
4          IT IS HEREBY STIPULATED AND AGREED by
5      and between the attorneys for the respective
6      parties hereto, that the sealing and filing
7      of the witness' deposition are hereby
8      waived.
9
10
11         IT IS FURTHER STIPULATED AND AGREED by
12     and between the attorneys for the respective
13     parties hereto that all objections, except
14     as to the form of the question, are reserved
15     to the time of trial.
16
17
18         IT IS FURTHER STIPULATED AND AGREED by
19     and between the attorneys for the respective
20     parties hereto that they may sign this
21     deposition before any duly qualified Notary
22     Public.
23
24              oOo
25

**Page 4**

1
2      THOMAS JERMYN,          the Plaintiff
3      herein, after having been first duly sworn
4      by Patrick M. DeGiorgio, a Notary Public of
5      the State of New York, was examined and
6      testified as follows:
7              oOo
8  EXAMINATION BY MS. DAUGHERTY:
9  Q.    Good morning, Mr. Jermyn.
10 A.    Good morning.
11 Q.    Can you please state your full name for the
12     record?
13 A.    Thomas Jermyn.
14 Q.    What is your address?
15 A.    320 West 119th Street, Apartment 1, New
16     York, New York 10026.
17 Q.    I believe I introduced myself to you
18     earlier. I'm Jennifer Daugherty. I'm one
19     of the attorneys for Best Buy in this
20     matter. Have you ever had your deposition
21     taken before?
22 A.    Yes.
23 Q.    You have?
24 A.    Yes.
25 Q.    When was that?

**Page 5**

1              THOMAS JERMYN
2  A.    1991.
3  Q.    Okay.
4  A.    Approximately.
5  Q.    Any other time besides 1991 and today?
6  A.    No.
7  Q.    By deposition, I mean where you are sitting
8      and an attorney is asking you questions and
9      you have a court reporter sitting there for
10     the purposes of a lawsuit?
11 A.    Yes.
12 Q.    What was that deposition in connection with?
13 A.    Car accident.
14 Q.    Did you bring a lawsuit against someone or
15     an entity?
16 A.    Yes.
17 Q.    Were you the plaintiff in that case?
18 A.    Yes.
19 Q.    Tell me about that case.
20 A.    It was a car accident. I was rear ended.
21 Q.    Who did you bring the lawsuit against?
22 A.    The driver of the vehicle and Allstate
23     Insurance Company.
24 Q.    Were you injured in that case?
25 A.    Yes.

2 (Pages 2 to 5)

Page 38

1          THOMAS JERMYN
2     people were trying to get the benefit of
3     Best Buy's Price Match Guarantee?
4  A.  Right.
5  Q.  Do you know who wrote these blogs?
6  A.  No.
7  Q.  Have you ever tried to contact anybody that
8     wrote these blogs?
9  A.  No.
10 Q.  Did you ever write a blog?
11 A.  No.
12 Q.  Ever write a comment to a blog?
13 A.  No.
14 Q.  With respect to these blogs, you simply just
15     read them?
16 A.  Just read them.
17 Q.  I want to go into the facts of what happened
18     in this case, sir. I understand that you
19     purchased a camera on May 13th, 2005; is
20     that correct?
21 A.  Yes.
22 Q.  Why don't you just start at the beginning
23     and tell me what happened?
24 A.  I wanted to buy a Nikon D70 and one of the
25     reasons I chose Best Buy was because of the

Page 39

1          THOMAS JERMYN
2     Price Match Guarantee. There was a store
3     near to where I lived and I went in there
4     and bought the camera knowing that they --
5     knowing the Price Match Guarantee. I
6     figured I would look around in the next
7     thirty days or fourteen days and see if
8     anybody has it for less, the D70, in the
9     meantime. I asked them before I bought it,
10     they said no problem. I wasn't aware of
11     anybody that had any problems at Best Buy
12     prior to that. So a week later walking near
13     the store, because I worked in that area and
14     walked by it a lot, I happened to walk by
15     Tristate Camera which is about three blocks
16     away from the Best Buy store and saw the
17     camera and asked them how much it was. I
18     thought it was 959 before the hundred dollar
19     rebate. It was May 20th, so it was within
20     the statutory period on the Best Buy
21     guarantee. There were no restrictions or no
22     fine print because of the type of material.
23     They limited it from thirty to fourteen
24     days, so I was still within that. I brought
25     the camera back to Best Buy fully wanting to

Page 40

1          THOMAS JERMYN
2     buy it at Best Buy. So I made a printout of
3     the advertisement from Tristate, their
4     competitor, took it there and then they
5     informed me that they wouldn't honor the
6     guarantee, they wouldn't reduce the price
7     and they would charge me the restocking fee
8     if I tried to return it. I figure outside
9     the price with the restocking fee from the
10     other camera place and it was still 860 plus
11     180, it came out to 1,040 as opposed to
12     1,199 minus a hundred or 1,099. It was
13     still $50 or less with paying the restocking
14     fee. They railroaded me out of the store
15     and I tried to get information from them
16     saying what is it about this case that
17     doesn't fit your guarantee and they wouldn't
18     give me an answer. Nobody could give me a
19     square answer, so I mentioned that I was an
20     attorney and I was going to pursue this case
21     and they said fine, go ahead. They didn't
22     seem to be worried about that. It almost
23     looked like they had dealt with this
24     situation many times the way they handled
25     it. Like I said, it was very robotic and

Page 41

1          THOMAS JERMYN
2     there was no listening to what I had to say.
3     I would have gladly given the business to
4     Best Buy had they lowered the price. I
5     tried to reason with the manager of the
6     store saying I'm a good customer, I bought
7     many things here, why not reward someone who
8     is a loyal customer rather than lose a
9     customer and they didn't care what I said.
10     They just kind of wanted me out of the store
11     before I made a scene. I returned the
12     camera, bought it at Tristate, paid the
13     restocking fee, it was still $49 less and
14     then I started searching around for my --
15     looking at my legal remedies. A year and a
16     half later I found Graifman's office.
17 Q.  I believe you said it was $59 less at one
18     point and now you just said $49 less.
19 A.  It was 859 after the rebate from Tristate
20     and it was 1,099 after the rebate from Best
21     Buy. 859 plus 180 for the restocking fee
22     came out to be 1,059. So it was still
23     cheaper.
24 Q.  Let's back up here. On May 13th, did you
25     have --

11 (Pages 38 to 41)

Page 90

1      THOMAS JERMYN
2      shows what you are telling me and then I did
3      and then they still wouldn't honor it.
4  Q.   Okay.
5  A.   When I went in there on the 20th.
6      MR. BRAUNSTEIN:
7          Listen to the questions and answer the
8      questions.
9  MS. DAUGHERTY:
10 Q.   When did you go into Best Buy next after May
11     13th, 2005?
12 A.   Probably on the 18th or maybe on the 19th.
13 Q.   Let's say you went in on the 18th or 19th.
14     You had already been in the Tristate store?
15 A.   Yes.
16 Q.   You saw that they offered the same camera at
17     a different price?
18 A.   Yes.
19 Q.   At the time you went into Best Buy on May
20     18th or 19th it's true you had not yet
21     printed this off online?
22 A.   Yes.
23 Q.   You went into Best Buy. What did you do?
24 A.   I said your guarantee says that you will
25     honor lower prices or match lower prices

Page 91

1      THOMAS JERMYN
2      with the 10 percent -- and add 10 percent
3      onto the lowest price -- I mean 10 percent
4      discount to the lowest price. Here is what
5      I got at Tristate Cameras -- no, around the
6      corner they have it for less. They said you
7      have to get something in writing. I think I
8      went back and got it in writing and had to
9      go back again.
10 Q.   Who did you talk to when you went into the
11     Best Buy store on May 18th or 19th?
12 A.   It wasn't the manager. I remember seeing
13     the manager one time only, so it was just
14     somebody at customer service.
15 Q.   Did you go straight to the customer service
16     desk?
17 A.   I think so.
18 Q.   You walked into the Best Buy on the 18th or
19     19th and went to the customer service desk;
20     right?
21 A.   Yes.
22 Q.   You said I purchased a camera here the other
23     day, around the corner at Tristate they have
24     a lower price?
25 A.   Yes.

Page 92

1      THOMAS JERMYN
2  Q.   He or she, do you remember?
3  A.   I think it was a lady. She said bring it in
4      in writing.
5  Q.   You are sure this lady at the customer
6      service desk was not a manager?
7  A.   I'm not sure.
8  Q.   In any event -- (interrupted)
9  A.   I don't know how many managers they have.
10     On the 20th when someone came out it was a
11     man when I asked to see a manager.
12 Q.   In any event, on the 18th or 19th you did
13     not ask to see a manager?
14 A.   No.
15 Q.   You spoke with the person that was at the
16     customer service desk?
17 A.   Yes.
18 Q.   She said you need to get something in
19     writing to show what the price is at
20     Tristate?
21 A.   Yes.
22 Q.   You left the store?
23 A.   Yes.
24 Q.   And then you went to your home; is that
25     right, and printed this out?

Page 93

1      THOMAS JERMYN
2  A.   Yes.
3  Q.   When I'm talking about this, I mean Exhibit
4      B, the Tristate advertisement?
5  A.   Yes.
6  Q.   Did you go to Tristate again between Best
7      Buy on May 18th or 19th and when you
8      actually purchased a Tristate Camera?
9  A.   No.
10 Q.   Just to be clear, when you went into
11     Tristate before May 18th or 19th, but after
12     you purchased the Best Buy camera, did you
13     specifically ask Tristate if they had the
14     same prices online that they had in the
15     brick and mortar store or did you not know?
16 A.   I don't know. I don't recall.
17 Q.   You don't specifically remember asking them
18     if I go on your website will you have the
19     same prices?
20 A.   I think I did. I remember the guy I spoke
21     about, I remember the salesperson there, he
22     said yeah, you know, we have the same
23     prices.
24 Q.   I don't want you to guess. If you don't
25     recall, that's fine.

24 (Pages 90 to 93)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THOMAS JERMYN, on behalf of himself
and all others similarly situated,

        Plaintiff,

    - against -

                00214

Docket No. 08 CV

BEST BUY STORES, L.P.,

        Defendant.

------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF MOTION
# FOR CLASS CERTIFICATION


*On the Brief:*
Michael L. Braunstein
Gary S. Graifman

*Law Offices*



Kantrowitz,
Goldhamer &
Graifman P.C.
*The Fine Art of Practicing Law*

747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977-6216
phone (845) 356-2570 fax (845) 356-4335

**www.kgglaw.com**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Plaintiff's Price Match Request was Proper and Not
        an "Internet Offer" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    The Class Definition Requires an Application of Objective
        Criteria . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    Evidence Ignored or Virtually Ignored by Best Buy's Opposition . . . . . . 5

        i.      Evidence Ignored by Best Buy . . . . . . . . . . . . . . . . . . . . . . 5

        ii.     Evidence Virtually Ignored by Best Buy . . . . . . . . . . . . . . . . 6

        iii.    Price Match Transactions Are Unprofitable . . . . . . . . . . . . . . 7

LEGAL ARGUMENT

    POINT I:    THE PROPOSED PLAINTIFF CLASS SATISFIES
                RULE 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.    The Class Is Readily Ascertainable . . . . . . . . . . . . . . . . . . 7

        B.    Rule 23(a)(2) & (3): Commonality and Typicality . . . . . . . 9

        C.    Rule 23(a)(1): Numerosity . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.    Rule 23(a)(4): Plaintiff Will Fairly And
            Adequately Protect the Interests of The Class . . . . . . . . . 12

    POINT II:   THE REQUIREMENTS OF RULE 23(b) ARE
               SATISFIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.    The Complaint Seeks Class-Wide
            Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.    Common Issues of Law or Fact Predominate
            Over Individual Issues . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            1.      Common Issues Predominate Under
                Section 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

         2.      Common Issues Predominate On
                 Unjust Enrichment Claim. . . . . . . . . . . . . . . . . . 16

         3.      Superiority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

**Cases:**

Ansoumana v. Gristede's Operationg Corp., 201 F.R.D. 81 (S.D.N.Y. 2001) . . . . . .10, 11

Barnes v. The American Tobacco Co., 161 F.3d 127 (3d Cir. 1998) . . . . . . . . . . . . . . .15

Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144 (S.D.N.Y. 2002). . . . . . . . . . 10

Cortigiano v. Oceanview Manor Home For Adults, 227 F.R.D. 194
        (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Dunnigan v. Metropolitan Life Ins. Co., 214 F.R.D. 125 (S.D.N.Y. 2003) . . . . . . . . . . .8

Fogarazzo v. Lehman Bros., 232 F.R.D. 176 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . .8

Forbush v. J.C. Penney Co., 994 F.2d 1101 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . 8

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability
        Litigation, 209 F.R.D. 323 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . . .8

In re Nigeria Charter Flights, 233 F.R.D. 297 (E.D.N.Y. 2006). . . . . . . . . . . . . . . ....11, 14

Krasni Oktyabr, Inc. v. Trilini Imports, 2007 WL 1017620
        (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Marisol A. v. Giuliani, 126 F.3d 372 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . .15

Nicholson v. Williams, 205 F.R.D. 92 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . .15

Parker v. Time Warner Entm't Co., 331 F.3d 13 (2d Cir. 2003) . . . . . . . . . . . . . . . . . 13

Richardson v. Byrd, 709 F.2d 1016 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 15

Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . 10

Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147 (2d Cir. 2001) . . . . . . 12, 13

Weigmann v. Glorious Food, Inc., 169 F.R.D. 280 (S.D.N.Y. 1996). . . . . . . . . . . . . . .11

**References and Statutes:**

Federal Rules of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rules of Civil Procedure 23(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Federal Rules of Civil Procedure 23(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Federal Rules of Civil Procedure 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure 23(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

New York's General Business Law §349 . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3,10, 13, 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS JERMYN, on behalf of himself
and all others similarly situated,                                    Docket No. 08 CV 00214

                          Plaintiff,

          - against -

BEST BUY STORES, L.P.,

                          Defendant.
-------------------------------------------------------------X


**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**CASE NO. 08 CV 00214**

**(JUDGE COLLEEN MCMAHON)**

**THIS REPLY MEMORANDUM OF LAW IS BEING SUBMITTED UNDER SEAL**

**AND IS NOT TO BE OPENED NOR**

**THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS JERMYN, on behalf of himself
and all others similarly situated,                             Docket No. 08 CV 00214

                        Plaintiff,

                                                               **AFFIDAVIT OF SERVICE**

         - against -

BEST BUY STORES, L.P.,

                        Defendant.
------------------------------------------------------------X

         STELLA GILSENAN, being duly sworn, deposes and states as follows:

         That deponent is not a party to this action, is over 18 years of age and resides in

Pearl River, New York.  On the 3rd day of July, 2008, your deponent served Plaintiff's

Reply Memorandum of Law and Reply Declaration of Michael L. Braunstein by ECF

filing and by overnight courier upon:

                        Jennifer G. Daugherty
                        Robins, Kaplan, Miller & Ciresi L.L.P.
                        2800 LaSalle Plaza
                        800 Lasalle Avenue
                        Minneapolis, MN 55402-2015


                                                        _Stella Gilsenan_
                                                        STELLA GILSENAN

Sworn to before me this
3rd day of July, 2008

_Cassandra A. Krikelis_
        Notary Public


                                CASSANDRA A. KRIKELIS
                                Notary Public, State of New York
                                Qualified in Ulster County
                                Registration #01KR6142210
                                Commission Expires 03/13/2010