UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: __12/6/10__          │
└─────────────────────────────────┘
```

——————————————————————————x

THOMAS JERMYN, on behalf of himself and all others
similarly situated,

                              Plaintiff,

                                                    08 Civ. 00214 (CM)

        against

BEST BUY STORES, L.P.,

                              Defendant.

——————————————————————————x

## DECISION AND ORDER APPROVING IN PART PLAINTIFF'S PROPOSED CLASS NOTICE AND NOTICE DISTRIBUTION PLAN

McMahon, J.

        Plaintiff Thomas Jermyn commenced a class-action suit against Best Buy Stores, L.P.

("Best Buy") alleging that, although Best Buy promotes and advertises a price-match guarantee,

it is Best Buy's practice not to honor it.  Presently before the Court is Jermyn's motion to

approve his Notice of Class Action ("Class Notice") and his proposed distribution plan for

providing the Class Notice to members of the class.

### I.  BACKGROUND

        Jermyn's Amended Complaint alleges the following facts: Best Buy is the largest

specialty retailer of consumer electronics in the United States and Canada.  (Am. Compl. ¶ 5.)

As part of its efforts to promote and sell its goods and services, Best Buy offers a "price match

guarantee."  Best Buy's price match guarantee—which is prominently advertised in its stores and

on its website—provides the following:

1

> If you are about to make a purchase and discover a lower price than ours, let us
> know and we'll match that price. Guaranteed. Already bought? We'll refund you
> the price difference, plus an additional 10% of that difference, up to 30 days after
> your purchase (14 days on select categories). Either way, simply bring in proof of
> a local retail competitor's price on the same available brand and model, and we'll
> do the rest.

(Decl. of Michael L. Braunstein ("Braunstein Decl.") Ex. 3.)

On May 13, 2005, Jermyn purchased a Nikon D-70 camera for $1,999.99 from a Best

Buy store located at 60 West 23 Street in New York. (Am. Compl. ¶ 10.) On May 20, 2005,

Jermyn saw the same Nikon D-70 camera advertised for less ($959.99 less a $100 rebate) at a

local competitor, TriState Camera Video & Computers. (Am. Compl. ¶¶ 12, 13.) Jermyn

returned to Best Buy on May 20 with a copy of TriState's advertisement and asked Best Buy to

match TriState's lower price—a request Best Buy refused. (Braunstein Decl. Ex. 17, Dep. of

Thomas Jermyn ("Jermyn Dep.") 39:24–41:8.) Because it was cheaper for Jermyn to pay Best

Buy's restocking fee for returning the camera ($180) and buy the camera at TriState, he returned

the camera and paid the fee. (Id. 40:8–14.)

Jermyn filed this suit on January 10, 2008. On March 27, 2008, Jermyn filed an

Amended Complaint, which Best Buy answered on April 18, 2008. Best Buy filed an Amended

Answer on June 4, 2008. On March 19, 2009, this Court granted Jermyn's motion for class

certification and certified the following class under Federal Rules of Civil Procedure 23(b)(2)

and (b)(3):

> All New York citizens and residents who, from January 10, 2002 until the present,
> made a purchase at Best Buy and within 30 days (14 days for computers,
> monitors, notebook computers, printers, camcorders, digital cameras and radar
> detectors) after the purchase found a lower price from an entity qualifying under
> Best Buy's published price match guarantee on an available product of the same
> brand and model, provided verification of the lower price to Best Buy and were
> denied the benefit of Best Buy's price match guarantee.

2

> Excluded from the Class are the defendant; any parent, subsidiary or affiliate of
> the defendant; any entity in which the defendant has or had a controlling interest,
> or which the defendant otherwise controls or controlled; and any officer, director,
> employee, legal representative, predecessor, successor or assignee of the
> defendant.

Jermyn v. Best Buy Stores, L.P., 256 F.R.D. 418, 437 (S.D.N.Y. Mar. 19, 2009).

On April 13, 2010, Jermyn moved for a preliminary injunction, which this Court denied on September 28, 2010.

On April 15, 2010, Jermyn moved for approval of his proposed Class Notice and notice distribution plan. Jermyn submits two proposed notices: a long-form and a short-form notice. (See Decl. of Gary S. Graifman ("Graifman Decl.") Exs. 12–13.) As part of his distribution plan, Jermyn proposes the following: (1) Jermyn will create and maintain a website, www.bestbuypricematchclassaction.com, where the long-form notice and other litigation documents will be available; (2) the long-form notice will be available on the Notice Administrator's website, www.berdonclaims.com; (3) Best Buy will send an email notification to its database of New York customers; (4) Best Buy will add a hyperlink from its own website's home page to the litigation website; (5) Best Buy will add a hyperlink from the price-match guarantee portion of its website to the litigation website; (6) Best Buy will post a "thread" titled "Best Buy Price Match Class Action" to the discussion forum on its website; (7) Best Buy will send a SMS text message to the mobile telephone numbers of certain New York customers; (8) Best Buy will post notice of the class action on Twelpforce—Best Buy's Twitter account; and (9) Jermyn will publish the short-form notice once in the New York Times.

Best Buy raises several objections to Jermyn's proposed notice plan, and proposes its own notice distribution plan: (1) publication of the short-form notice once in each of the New York Times, New York Post, and New York Daily News; and (2) creation of a class-action

website. Best Buy does not object to Jermyn's proposed long-form notice, and does not object to

publication of that notice on the Notice Administrator's website or on the class-action website.

## II. DISCUSSION

Once a class is certified, Rule 23 of the Federal Rules of Civil Procedure governs how

notice should be given to class members. Rule 23(c)(2) requires that notice must be given to

members of a class certified under Rule 23(b)(3) (as is the case here) because the judgment in a

class action maintained under Rule 23(b)(3) binds all members of the class unless they expressly

opt out. See Charron v. Pinnacle Grp. N.Y. LLC, 269 F.R.D. 221, 244 (S.D.N.Y. Apr. 27,

2010); Karvaly v. eBay, Inc., 245 F.R.D. 71, 90 (E.D.N.Y. Sept. 6, 2007).

Under Rule 23, a court must "direct to class members the best notice that is practicable

under the circumstances, including individual notice to all members who can be identified

through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In Eisen v. Carlisle and Jacquelin, 417

U.S. 156, 176 (1974), the Supreme Court explained that "individual notice to identifiable class

members is not a discretionary consideration to be waived in a particular case. It is, rather, an

unambiguous requirement of Rule 23." Thus, where the names and addresses of class members

may be ascertained through reasonable efforts, individual notice must be sent. Id. at 173.

If the names and addresses of class members cannot be determined by reasonable efforts,

notice by publication is sufficient to satisfy the requirements of the due process clause and Rule

23. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 317–18 (1950); Carlough v.

Amchem Prods., 158 F.R.D. 314, 325 (E.D. Pa. Oct. 27, 1993). Due process is satisfied even if

all class members do not receive actual notice, so long as class counsel acted reasonably in

selecting means likely to inform the persons affected. See, e.g., Weigner v. The City of New

4

York, 852 F.2d 646, 649 (2d Cir. 1988).  Whether a notice dissemination plan is reasonable is a

function of the notice plan's anticipated results:

> Receipt of actual notice by all class members is required neither by Rule 23 nor
> the Constitution. . . .  What efforts are reasonable under the circumstances of the
> case rests initially in the sound discretion of the judge before whom the case is
> pending. . . . [T]he fact that notice to some class members must be given by
> publication is not necessarily fatal.  In all cases the Court should strike an
> appropriate balance between protecting class members and making Rule 23
> workable.

Manual for Complex Litigation § 30.211, at 223; see also Berland v. Mack, 48 F.R.D. 121, 129

(S.D.N.Y. Oct. 1, 1969).  In In re "Agent Orange" Product Liability Litig., 818 F.2d 145, 168 (2d

Cir. 1987), the Second Circuit recognized that "Rule 23  . . . accords considerable discretion to a

district court in fashioning notice to a class."

Rule 23 also requires that the notice to class members clearly and concisely advise class

members that they can choose to opt out of the class; that the judgment, whether favorable or

not, will bind them if they do not opt out; and that individual class members may enter an

appearance through counsel.  Fed. R. Civ. P. 23(c)(2)(B).  Specifically, notice to class members

must include:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class
> claims, issues, or defenses; (iv) that a class member may enter an appearance
> through an attorney if the member so desires; (v) that the court will exclude from
> the class any member who requests exclusion; (vi) the time and manner for
> requesting exclusion; and (vii) the binding effect of a class judgment on members
> under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

### A.  The Substance of Jermyn's Proposed Class Notice

Jermyn's proposed short-form and long-form notices satisfy the requirements of Rule

23(c).  The long-form notice explains in clear and concise language the nature of Jermyn's suit,

the claims he has made, who is included in the class, and the names and addresses of the attorneys representing the class. (See Graifman Decl. Ex. 13.) The notice also informs class members that they may opt out of the class; how they can request to opt out of the class; that if they elect to stay in the class, the judgment is binding on them; and that they may (but are not required to) enter an appearance through their own attorney. (Id.) The short-form notice provides the same information, but in an abbreviated manner. (Id. Ex. 12.)

Best Buy's sole objection to the forms of notice is to the short-form notice's paragraph explaining what a class member must do when she receives notice of the pending class action— the paragraph entitled "Do I Need To Do Anything?". Specifically, that paragraph explains,

> If you remain in the Class, you will be bound by any judgment that may be entered in this action, whether it is favorable or unfavorable. This means that if there is a recovery, you may be entitled to share in the proceeds of that recovery.

(Id.) Best Buy suggests adding the following italicized language to the second sentence:

> If you remain in the Class, you will be bound by any judgment that may be entered in this action, whether it is favorable or unfavorable. This means that if there is a recovery, you may be entitled to share in the proceeds of that recovery *if you can provide documentation to show that you meet the requirements of class membership.*"

(Declaration of Jennifer Robbins ("Robbins Decl.") Ex. B.)

Jermyn objects to this language, arguing that Best Buy's addition is designed to "erect an artificial barrier" that has no support in the class definition certified by the Court. (Jermyn's Reply Br. at 3.) Best Buy suggests adding its proposed language to the short-form notice only, even though the long-form notice has an identical paragraph.

Jermyn is correct that there is no need for Best Buy's proposed clause. The additional language serves no purpose but to complicate a clear and concise sentence. Class members must be informed that, if they remain in the class, a judgment is binding on them, and, if there is a

6

recovery, they may (not will) be entitled to a share. Jermyn's proposed paragraph adequately

conveys this information. Moreover, Best Buy's proposed language touches on the requirements

of class membership, which are already discussed in the first paragraph of the short-form notice

(entitled "What Is This Notice About?"). Therefore, Best Buy's additional language is at best

unnecessary and redundant; at worst, it is confusing to potential class members. Accordingly,

because both notices satisfy the requirements of Rule 23(c), Jermyn's proposed short-form and

long-form notices are approved.

## B. Jermyn's Proposed Notice Plan

As discussed, Rule 23 requires that class members that can be identified through

reasonable efforts receive individual notice. See Fed. R. Civ. P. 23(c)(2); Eisen, 417 U.S. at 176.

In this case, individual notice is impossible because neither Best Buy nor Jermyn has any way of

identifying customers who unsuccessfully sought a price match under Best Buy's price-match

guarantee; Best Buy does not maintain a list of such customers. In situations like this, where

class members cannot be identified for purposes of sending individual notice, notice by

publication is sufficient. Mullane, 339 U.S. at 317; see also Mirfasihi v. Fleet Mortg. Corp., 356

F.3d 781, 786 (7th Cir. 2004); Greenfield v. Villager Indus., Inc., 483 F.2d 824, 830 (3d Cir.

1973); Kaufman v. Am. Express Travel Related Servs. Co., 264 F.R.D. 438, 445–46 (N.D. Ill.

Dec. 22, 2009); In re Vivendi Universal, SA Sec. Litig., 242 F.R.D. 76, 107 (S.D.N.Y. May 21,

2007); Carlough, 158 F.R.D. at 325;.

Part of Jermyn's notice distribution plan requires creation of a class-action website that

contains the long-form notice and other litigation documents, and publication of the short-form

notice once in the New York Times. Best Buy does not object to these two methods of notice.

7

Best Buy also does not object to notice through publication of the short-form notice once in the New York Times, as Jermyn proposes. In addition, Best Buy suggests publication of the short-form notice once in each of the New York Daily News and the New York Post. Jermyn argues that publishing notice in the New York Daily News and New York Post serves no benefit because the readership of both newspapers is primarily concentrated in the New York City metropolitan area and the class is state-wide. Nevertheless, Jermyn does not offer an alternative additional newspaper for publication of notice.

I agree with Best Buy's suggestion that notice should be published in more than one newspaper, because individual notice is not feasible here and publication notice is therefore the only method for informing class members of the pending action. However, the goal is to reach class members statewide and publication in three newspapers with readerships predominantly in the New York City metropolitan area does not further that goal.

The Court leaves it to the parties to decide the length of time publication should appear in each newspaper, but instructs the parties to publish notice in the following newspapers: (1) the metropolitan and statewide editions of the New York Times; (2) USA Today; (3) the Poughkeepsie Journal, Middletown Times Herald-Record, and the Albany Times Union (newspapers for cities and towns in the lower Hudson Valley); and (4) notice should be published in at least one newspaper for Syracuse, Buffalo, Rochester, and Binghamton (all major metropolitan areas in New York). The Court also instructs the parties to publish notice on several days (including, at least once in the Sunday edition of each newspaper). The parties have 14 days to come to an agreement and provide the Court with a revised notice distribution plan.

Jermyn also proposes four additional methods of disseminating notice, all of which Best

Buy objects to:

(1) Best Buy will post notice of the class action on Twitter,

(2) Best Buy will send a SMS text message to the mobile telephone numbers of certain New York customers,

(3) Best Buy will email the short-form notice to its New York customers,

(4) Best Buy will add a hyperlink on its home page and on the section of its website that discusses the price-match guarantee. The hyperlink will allow customers to navigate to the litigation website. Best Buy will also post a "thread" on its website's discussion forum that informs users of the class action.

(1) Notice via Twitter

Jermyn proposes that Best Buy post, at least eight times in the span of two weeks, a link

to the class-action website on "Twelpforce"—Best Buy's Twitter channel. On Twitter, Best Buy

offers a service called "Twelpforce." Best Buy's Twelpforce is an online help desk.[1] A quick

analysis of a random day's tweets (the term used to describe posts on Twitter) confirms that the

majority of questions posted on the discussion board seek technical advice. Jermyn proposes

that Best Buy's "tweet" state, "Were you denied Best Buy price match bet. [sic] Jan 02 and

March 10" and also provide customers with a link to the class-action website. (Jermyn Br. at 6.)

Best Buy argues that notice via Twitter is a form of individual notice and individual

notice to an overly broad set of customers, that may or may not be class members, is not required

by Rule 23. Specifically, Best Buy objects to individual notice via Twitter because this method

of notice is unlikely to reach class members.

---

[1] The description of Twelpforce on Twitter explains that it is "a collective force of Best Buy technology pros offering tech advice in Tweet form."

Notice via Twitter suffers from two flaws:  First, notice cannot be limited to Best Buy customers in New York, and the class here is comprised solely of New York residents.  Second, there is no way to assure that notice via Twitter will result in notice to even a single class member, let alone a substantial number of class members.

Jermyn has offered no evidence that class members use Twitter or Best Buy's Twelpforce.  As an online help desk—primarily focused on providing technical advice— Twelpforce is not tied to Best Buy's price-match guarantee in any way and therefore there is no evidence that customers denied a valid price match use or even know of Twelpforce.  Further, as Best Buy points out, Twelpforce is a nationwide help desk and Best Buy cannot limit its "tweets" by geographic area.  Thus, a "tweet" about the pending class action will likely reach a nationwide audience—a group that is significantly broader than the defined class.

Notice via Twitter is a form of individual notice (akin to notice via mail).  Individual notice to an overinclusive list of individuals is not required by Rule 23.  As one court explained, "individual notice . . . creates a greater expectation than notice by publication, and the plaintiffs should make every effort to provide such notice only to class members."  Pierce v. Novastar Mortg., Inc., 2007 WL 505670, at *3 (W.D. Wash. Feb. 12, 2007).

In In re "Agent Orange" Product Liability Litig., 818 F.2d 145, 168 (2d Cir. 1987), a group of class members—who sued various chemical companies based on their exposure to "Agent Orange" while fighting in the Vietnam war—argued that the notice approved by the district court did not comport with the requirements of Rule 23.  The class members argued that the district court should have required that notice (by individual letter) of the pending class action be sent to all 2.4 million Vietnam war veterans.  Id. at 169.  The Second Circuit disagreed, noting that not all Vietnam veterans were exposed to Agent Orange.  "A requirement that notice

10

be given to all Vietnam veterans would thus have been considerably overbroad." Id.  Other

courts have similarly concluded that "it is not necessary to send individual notice[ ] to an

overinclusive group of people simply because that group contains some additional class members

whose identities are unknown."  Carlough, 158 F.R.D. at 325.  For instance, in Tylka v. Gerber

Prods. Co., 182 F.R.D. 573, 578 (N.D. Ill. Oct. 28, 1998), the Court withheld approval of the

plaintiffs' proposed notice plan, in part, because plaintiffs in that case sought to notify potential

class members via publication in 800 newspapers across the country even though the class was

limited to Illinois residents.  The court explained that, "Notification on such a broad scale would

be substantially over inclusive and not necessarily fruitful." Id.  Here, there is no evidence that

even a single class member uses Twelpforce on Twitter or has shared her mobile telephone

number with Best Buy.

By contrast, the court in Macarz v. Transworld Sys., Inc., 201 F.R.D. 54, 61 (D. Conn.

Jan. 8, 2001), allowed individual notice to an overinclusive list of class members because the list

contained the entire universe of class members.  In Macarz, although the list of names and

addresses included individuals that were not class members (about 25% of the list was comprised

of non-class members), it also contained the names of all class members. Id.  Here, however, the

list of Twitter users is overinclusive because it includes all Best Buy customers nationwide that

use Twelpforce.  There is no evidence that the list of Twelpforce users contains the name of even

a single class member.  Individual notice to a "random" list of Best Buy's customers is not the

best practicable notice required by Rule 23.  Accordingly, notice by Twitter does not comport

with the requirements of Rule 23(c).

11

(2) Notice via SMS text message

Jermyn also proposes that Best Buy send notice to the class via SMS text message to the mobile telephone numbers of New York customers.  The text message would advise customers of the pending class action and provide a link to the class-action website.  Best Buy objects to notice via SMS text message for the same reasons it objects to notice via Twitter.

Notice via text message suffers from a similar flaw as notice via Twitter:  Best Buy is unable to restrict its text messages to class members.  Best Buy's list of mobile telephone numbers includes the telephone numbers of employees (who are excluded from the class) and select high-level Reward Zone members (*i.e.*, members of Best Buy's loyalty program). Although Best Buy may be able to restrict its text messages to New York customers, there is no link between the list of mobile telephone numbers (which includes individuals excluded from the class definition) and class members.  Moreover, the list of mobile telephone numbers is underinclusive because it contains only a select group of Reward Zone members and Best Buy employees.

For the same reasons that notice via Twitter is improper, notice via SMS text message does not satisfy the requirements of Rule 23.

(3) Notice via electronic message

Jermyn also proposes that email notice be sent to Best Buy's New York customers.  Best Buy objects to this form of notice because it is unable to restrict notice via email to only class members.  Best Buy collects customer emails when a customer makes a purchase on bestbuy.com; when a customer obtains a protection or service plan for an item purchased at bestbuy.com or at a Best Buy store; or when a customer voluntarily shares her email address when visiting bestbuy.com.

Although Best Buy is able to limit notice by email to only New York customers, there is no link between customers who have shared their email addresses with Best Buy and customers who were denied a price match. Unlike notice via publication—which necessarily reaches individuals that are not class members—Jermyn's proposed email notice will provide *individual* notice to an overinclusive group of individuals. As discussed, individual notice to an overinclusive group is not required by Rule 23. See, e.g., In re "Agent Orange", 818 F.2d at 169. Although individual notice to an overinclusive list may be permitted if the list also contains all known class members, see, e.g, Macarz, 201 F.R.D. at 61, that is not the case here. The list of email addresses, while limited to New York, may not necessarily correspond to customers who were denied a valid price match. There is no evidence that Best Buy collected a customer's email address when they sought a price match and there is no evidence that customers who were denied a price match shared their email address with Best Buy at some other time. Thus, individual notice to this overly broad group of Best Buy customers is improper under Rule 23.

(4) Notice via Best Buy's website

Jermyn also suggests publishing notice of the class action on Best Buy's website. Jermyn's proposes the following: (1) adding a hyperlink on the home page of Best Buy's website that directs consumers to the class-action website, (2) adding a hyperlink on the portion of Best Buy's website that specifically discusses the price-match guarantee, and (3) adding a "thread" on Best Buy's online discussion forum. Best Buy objects to this form of notice, arguing that it cannot limit notice to New York customers.

In Martin v. Weiner, 2007 WL 4232791, at *3 (W.D.N.Y. Nov. 28, 2007), for example, the court upheld the plaintiffs' request to post notice on the websites of statewide agencies (such as the New York Department of Health), even though the class was comprised only of residents

13

of one New York county. The defendants objected to notice on their websites as overinclusive. Id. The court explained that although notice on the defendants' websites "may be over inclusive in notifying the entire state for a regionally based class," it is no different than "posting a notice in a general circulation newspaper where a number of readers would not be interested class members." Id.

Unlike notice via Twitter, SMS text message, and email, notice via Best Buy's website is a form of publication—and not individual—notice. Disseminating notice using Best Buy's website, which can be accessed nationwide, is similar to publishing notice in a nationwide newspaper, which can be seen by readers across the country—not all of whom will be class members. Moreover, at least some of the class members will be familiar with Best Buy's website, because, for some of them, the price match they sought was based on a lower price they found on bestbuy.com. Thus, disseminating notice through Best Buy's website is proper under Rule 23.

## C. The Cost Of Notice Should Be Burn By Jermyn.

Jermyn asks this Court to exercise its discretion to require Best Buy to bear the full cost of notifying class members. From Eisen, however, it is clear that the plaintiff bears the cost of notice to the class. 417 U.S. at 178–79; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356 (1978). Jermyn, nonetheless, asks the Court to shift the cost of notice to Best Buy because "there has been a showing of [Best Buy's] liability. (Br. at 15.) As Best Buy correctly points out, this Court has not issued a decision on the merits, and certification of the class is not a finding of liability.

The case law Jermyn relies on to support his argument for shifting the cost of notice to Best Buy, are cases where liability was determined before notice to the class was sent. See, e.g.,

14

Hartman v. Wick, 678 F. Supp. 312, 328–29 (D.D.C. 1988) ("As the Court has already found defendant liable, defendant must bear the full expense of this notification task."); Catlett v. Mo. Highway & Transp. Comm'n, 589 F. Supp. 949, 951 (W.D. Mo. 1984) ("cost allocation [to the defendant] is proper once the defendant's liability has been established").  Consequently, there is no reason for the Court to depart from the general rule that the plaintiff bears the cost of notice. Accordingly, Jermyn's request that Best Buy bear the cost of disseminating notice to class members is denied.

### III. CONCLUSION

For the reasons discussed above, Jermyn's motion for approval of his Class Notice and notice distribution plan is granted in part. Jermyn's long-form and short-form Class Notices are approved. Jermyn's notice distribution plan is approved to the extent it seeks the creation of (i) a class-action website, (ii) publication of the short-form notice in the New York Times (provided, however, that the notice is published in the metropolitan and statewide editions of that newspaper on multiple days, including at least one publication in the Sunday edition) and (iii) publication of notice on Best Buy's website. Jermyn's notice distribution plan is denied to the extent it seeks to notify class members by posting notice on Twitter, sending a SMS text message, and sending an e-mail message.

The parties are instructed to agree on the length of time notice will be published in the New York Times, USA Today, the Poughkeepsie Journal, Middletown Times Herald-Record, and the Albany Times Union. The parties must also agree upon at least one additional newspaper from Syracuse, Buffalo, Rochester, and Binghamton where notice will be published, and the length of time such notice will appear in those newspapers. The parties have 14 days from the date of this decision to advise the Court of a revised notice distribution plan.

Dated: December 6, 2010

_____

U.S.D.J.

BY EFC TO ALL COUNSEL

16